1  WARREN H. NELSON, JR. #104744
   A PROFESSIONAL CORPORATION
2  6161 El Cajon Boulevard, # 273
   San Diego, CA 92115
3  Telephone: (619) 269 4212
   Facsimile: (619) 501 7948
4
   Attorney for Defendant
5  STANDARD INSURANCE COMPANY



**FILED**

MAR 2 0 2008

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

6

7

8                    UNITED STATES DISTRICT COURT

9                   SOUTHERN DISTRICT OF CALIFORNIA

10

11  SARAH LESLIE,                 ) Case No.: '08 CV 0520 W JMA
                                  )
12            Plaintiff,          ) DEFENDANT STANDARD
                                  ) INSURANCE COMPANY'S NOTICE
13       vs.                      ) OF REMOVAL
                                  )
14                                )
                                  )
15  STANDARD INSURANCE            )
16  COMPANY and DOES 1 -10,       )
                                  )
17                                )
            Defendant.            )
18                                )
                                  )
19  _____)

20

21       PLEASE TAKE NOTICE that defendant Standard Insurance Company

22  ("Standard") hereby removes to this court the following action on file in the

23  California Superior Court:

24       1.    On February 20, 2008, the action, <u>Sarah Leslie, Plaintiff, v. Standard</u>

25  <u>Insurance Company and DOES 1 - 10, Defendant</u> [sic], was filed in the Superior

26  Court of California, County of San Diego, and assigned case No. 37-2008-

27  00078353-CU-IC-CTL. A true and correct copy of the Complaint in that action,

28  including Exhibit A to the Complaint, is attached hereto as Exhibit 1.

cR

2.      Standard first received a copy of the Summons, Complaint and associated documents less than 30 days ago on February 27, 2008. A true and correct copy of the Summons, both as issued by the California Superior Court and as served on Standard by Plaintiff, and all other documents served therewith, other than the Complaint, are collectively attached hereto as Exhibit 2.

3.      The Court has original jurisdiction over this matter pursuant to 28 U.S.C. section 1332, which is removable pursuant to 28 U.S.C. section 1441(b) based upon the complete diversity of citizenship of the parties to this action and that the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

4.      Defendant Standard is an Oregon corporation with its principal place of business in Multnomah County, Portland, Oregon. See Declaration of Rebecca J. Jeffrey in Support of Defendant Standard Insurance Company's Notice of Removal, filed herewith. Standard has not been notified that any DOE defendant has been served and on that basis alleges that no DOE defendant has been served in this matter.

5.      As per Exhibit 1 (Complaint ("Compl") ¶ 2), Plaintiff alleges and admits that she is a resident of the State of California, County of San Diego.

6.      Standard alleges that the amount in controversy in this action, pleaded as an insurance "bad faith" action, is in excess of $75,000.00, exclusive of interest and costs. Plaintiff seeks both contract damages for alleged loss of monthly disability insurance benefits and compensatory and punitive damages in tort. See generally, Exhibit 1 ("Complaint for **Tortious** Breach of Insurance Contract" (emphasis added)). Plaintiff has admitted that she seeks an otherwise unspecified amount in excess of $25,000.00 in her state court filings. Exhibit 2 at 37 (State Court Civil Case Cover Sheet). Plaintiff specifically alleges entitlement to damages for "anxiety, worry, mental and emotional distress and other incidental and out of pocket expenses." Exhibit 1 p 5 (Compl ¶ 16). Plaintiff specifically alleges entitlement to "Brandt" damages, attorney fees and costs "to obtain

1    insurance benefits." Exhibit 1 p 4 (Compl, Prayer for Relief ¶ 4. Plaintiff

2    additionally alleges entitlement to "punitive damages" for Standard's alleged

3    breach of the covenant of good faith and fair dealing. Exhibit 1 pp 5-6 (Compl ¶

4    17, Prayer for Relief, ¶ 3). Standard therefore alleges that it is plain from the face

5    and allegations of the Complaint that plaintiff seeks more than $75,000.00 for

6    these claimed items of *tort* damages alone, i.e., exclusive even of the amount she

7    seeks on her breach of contract claim.

8         7.    Standard files herewith as Exhibit 3 a true and correct copy of its

9    general denial and affirmative defenses that was served by mail on plaintiff and

10   filed in the Superior Court of California, County of San Diego, prior to removal of

11   this action to this Court.

12   Dated: March 2_, 2008

13   WARREN H. NELSON, JR
A PROFESSIONAL CORPORATION
14   6161 El Cajon Boulevard, # 273
San Diego, CA 92115
15
16   Attorney for Defendant
STANDARD INSURANCE COMPANY

17

18

19

20

21

22

23

24

25

26

27

28

**TABLE OF CONTENTS**

**EXHBITS TO NOTICE OF REMOVAL**

SARAH LESLIE v. STANDARD INSURANCE COMPANY, ET AL.,
U.S.D.C., Southern District of California, Case No. not yet assigned, originally
filed under same name as action No, 37-2008-00078353-CU-IC-CTL, Superior
Court of California, County of San Diego.

| EXHIBIT | PAGE (S) |
|---------|----------|
| 1 | 1 – 34 |
| 2 | 35 - 42 |
| 3 | 43 - 46 |

CRAIG A. MILLER (Bar No. 116030)
LEVINE, STEINBERG, MILLER & HUVER
550 West "C" Street, Suite 1810
San Diego, California 92101
(619) 231-9449

Attorneys for Plaintiff

CENTRAL DIVISION

2008 FEB 20  PM 4: 06

SAN DIEGO COUNTY. CA

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF SAN DIEGO

| | |
|---|---|
| SARAH LESLIE, | CASE NO. 37-2008-00078353-CU-IC-CTL |
| Plaintiff, | COMPLAINT FOR TORTIOUS BREACH OF INSURANCE CONTRACT |
| v. | |
| STANDARD INSURANCE COMPANY and DOES 1-10, | (Compensatory and Punitive Damages) |
| Defendant. | 1. Breach of Contract |
| | 2. Breach of Duty of Fair Dealing and Good Faith |
| | DEMAND FOR JURY TRIAL |

Plaintiff, Sarah Leslie, hereby complains and alleges as follows:

DEMAND FOR JURY TRIAL

1.    Plaintiff hereby demands a trial by jury.

INTRODUCTORY PARAGRAPHS

2.    Plaintiff is, and at all times herein mentioned was, an individual residing in the County of San Diego, State of California, and, at all times herein mentioned, an employee of the State of California.

3.    Defendant Standard Insurance Company (hereinafter "Standard") is, and at all times herein mentioned was a corporation, licensed and qualified to do business

-1-

Ex 1

P 1

1   in the State of California.

2       4.      The true names and capacities of defendants sued herein as DOES 1

3   through 10, inclusive, are presently unknown to plaintiff, who therefore sues these

4   defendants by such fictitious names. Plaintiff will seek leave to amend their Complaint

5   and include these Doe defendants' true names and capacities when they are

6   ascertained. Each of the fictitiously-named defendants is responsible in some manner

7   for the conduct alleged herein and for the damages suffered by plaintiff.

8       5.      At all times herein mentioned, each and every defendant was an agent

9   and/or employee of each and every other defendant. In doing the things alleged

10  in the causes of action stated herein, each and every defendant was acting within

11  the course and scope of their agency or employment and was acting with the consent,

12  permission and authorization of each of the remaining defendants. All actions of

13  each defendant as alleged in the causes of action stated herein were ratified and

14  approved by every other defendant or their officers, directors and/or managing

15  agents.

16      PLAINTIFF, SARAH LESLIE, FOR A FIRST CAUSE OF ACTION AGAINST

17  DEFENDANT STANDARD AND DOES 1 THROUGH 10, INCLUSIVE, FOR BREACH

18  OF CONTRACT, ALLEGES:

19      6.      Plaintiff refers to and incorporates by reference herein, paragraphs 1

20  through 5 of the Introductory Paragraphs as though set forth in full in this cause

21  of action.

22      7.      On or about August 1, 1999, defendant Standard issued Group Long

23  Term Disability Insurance, Policy Number 638213-T to Fleet National Bank, Trustee

24  of the Standard Insurance Company Group Insurance Trust. The State of California

25  joined the Standard Insurance Company Group Insurance Trust and was approved

26  for group long term disability insurance under the Group Policy as Group Number

27  643146-A, effective October 1, 2004. At all times herein mentioned, plaintiff was

28  an employee of the State of California and an insured under the disability insurance

Ex 1

P 2

1    policy. A copy of the Certificate, Group Long Term Disability Insurance is marked

2    as Exhibit "A", attached hereto, and incorporated herein by reference. The disability

3    insurance policy was entered into by plaintiff within the jurisdiction of the above-

4    entitled court and required the payment of benefits within the jurisdiction of the

5    above-entitled court for a total amount to be shown at the time of trial.

6        8.    All premiums due under said disability insurance policy to defendant

7    Standard at all relevant times herein have been paid and plaintiff has performed

8    all obligations under said disability income policy on her part to be performed.

9        9.    In or about March, 2007 plaintiff sustained a loss compensable under

10    the terms of the subject disability insurance policy as the effects of Multiple Sclerosis,

11    tenosynovitis, carpal tunnel syndrome, incontinence, severe loss of fine motor

12    coordination and strength in her hands and arms, numbness and tingling in her

13    upper arms and shoulders and chronic pain and fatigue combined to preclude and

14    prevent plaintiff from performing the material and substantial duties of her regular

15    occupation as a secretary, or any other occupation.

16        10.    Due to plaintiff's permanent disability from her regular occupation and/or

17    any occupation, plaintiff filed a claim for disability benefits under the disability

18    insurance policy.

19        11.    Since November 5, 2007, defendant Standard breached and continues

20    to breach its contractual obligations owed to plaintiff by denying her claim and refusing

21    to make benefit payments.

22        12.    As a proximate result of the aforementioned breach of contract by the

23    defendant, plaintiff has suffered, and will continue to suffer in the future, damages

24    under said disability insurance policy plus interest in a total amount to be shown

25    at the time of trial.

26    ///

27    ///

28    ///

Ex 1
P 3

PLAINTIFF, SARAH LESLIE, FOR A SECOND CAUSE OF ACTION AGAINST

DEFENDANT STANDARD AND DOES 1 THROUGH 10, INCLUSIVE, FOR BREACH

OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING, ALLEGES:

13.     Plaintiff refers to and incorporates by reference herein Paragraphs 1 through

5, inclusive, of the Introductory Paragraphs and Paragraphs 6 through 12 of the

First Cause of Action, as though set forth in full in their cause of action.

14.     Defendant Standard breached and continues to breach its duty of good

faith and fair dealing owed to plaintiff in the following respects:

(a)     Intentionally and unreasonably failing to agree that plaintiff was disabled

and to make disability payments to plaintiff at a time when defendant knew that

plaintiff was disabled and entitled to said payments under the terms of said policy.

Specifically, plaintiff submitted proofs of loss and comprehensive documentation

substantiating the disability as well as her inability to perform, with reasonable

continuity, the material and substantial duties of her regular occupation and/or any

occupation. Standard intentionally and willfully refused to objectively evaluate their

information or accord it the consideration which it rightfully deserved and denied

her claim.

(b)     Intentionally and unreasonably failing to agree that plaintiff was disabled

and withholding benefits from plaintiff knowing plaintiff's claim under the disability

insurance policy to be valid in that plaintiff submitted adequate documentation and

proof of her total disability from her regular occupation and/or any occupation, thus

entitling her to payments under the terms of the disability insurance policy.

(c)     Intentionally and unreasonably failing to pay plaintiff disability benefits

pursuant to her claim at a time when defendant had insufficient information within

its possession to justify said action.

(d)     Intentionally and unreasonably failing to conduct a prompt, objective,

reasonable and thorough investigation of plaintiff's claim for disability benefits.

(e)     Intentionally and unreasonably failing to attempt in good faith to effectuate

-4-


Ex 1
P 4

1  a prompt, fair and equitable settlement of plaintiff's claim for disability benefits in

2  which liability had become reasonably clear.

3      (f)      Intentionally and unreasonably failing to provide a reasonable and/or

4  honest explanation of the basis relied upon in the insurance policy, in relation to

5  the applicable facts, for the denial of plaintiff's claim for disability benefits.

6      (g)    Intentionally and unreasonably engaging in an unduly restrictive and/or

7  inaccurate interpretation of the policy language in order to avoid its obligations

8  thereunder.

9      (h)      Plaintiff is informed and believes and thereon alleges that defendant

10  Standard has breached its duty of fair dealing and good faith owed to plaintiff by

11  other acts or omissions of which plaintiff is presently unaware.  Plaintiff will seek

12  leave of court to amend their complaint at such time as plaintiff discovers the other

13  acts or omissions of said defendant constituting such breach.

14      15.    As a proximate result of the aforementioned wrongful conduct of

15  defendant, plaintiff has suffered, and will continue to suffer in the future, damages

16  under said disability insurance policy plus interest for a total amount to be shown

17  at the time of trial.

18      16.    As a further proximate result of the aforementioned wrongful conduct

19  of defendant, plaintiff has suffered anxiety, worry, mental and emotional distress,

20  and other incidental damages and out-of-pocket expenses, including attorneys'

21  fees, all to plaintiff's damage in a sum to be determined at time of trial, but in any

22  event a sum in excess of the jurisdictional requirements of the above-entitled court.

23      17.    Defendant's despicable conduct described herein was done with a

24  conscious disregard of plaintiff's rights and with the intent to vex, injure or annoy

25  plaintiff, such as to constitute oppression, fraud or malice under California Civil Code

26  Section 3294, entitling plaintiff to punitive damages in an amount appropriate to

27  punish or set an example of defendants.

28  ///

Ex 1
P 5

1          WHEREFORE, plaintiff prays for judgment against defendants, and each of

2    them as follows:

3          1.     Damages for failure to provide benefits under the disability insurance

4    policy in a sum to be determined at the time of trial;

5          2.     General damages for mental and emotional distress and other incidental

6    damages in a sum to be determined at the time of trial;

7          3.     Punitive and exemplary damages in an amount appropriate to punish

8    or set an example of defendants;

9          4.     Attorneys' fees and costs incurred to obtain insurance benefits under

10   the case entitled Brandt v. Superior Court;

11         5.     For costs of suit incurred herein; and,

12         6.     For such other and further relief as the Court deems just and proper.

13   DATED: February 20, 2008                    LEVINE, STEINBERG, MILLER & HUVER

14

15

16                                        By: _____

17                                             Craig A. Miller
                                               Attorneys for Plaintiff

18

19

20

21

22

23

24

25

26

27

28

-6-

Ex 1
P 6



*Voluntary Long Term Disability Insurance*

## CERTIFICATE OF INSURANCE

### For the State of California Excluded Employees

Ex 1
P 7

# STANDARD INSURANCE COMPANY

A Stock Life Insurance Company
900 SW Fifth Avenue
Portland, Oregon 97204-1282
(503) 321-7000

## CERTIFICATE

## GROUP LONG TERM DISABILITY INSURANCE

Arranged for and recommended by the State of California
as an important part of its benefit program for employees.

**Policyholder:** Fleet National Bank, Trustee of    **Employer:**    State of California
The Standard Insurance
Company Group Insurance Trust

**Policy Number:** 638213-T    **Group Number:**    643146-A

**Policy Effective Date:** August 1, 1999    **Employer Effective Date:**    October 1, 2004

The Group Policy has been issued to the Policyholder. The Employer has joined the Standard Insurance Company Group Insurance Trust and been approved for group long term disability insurance coverage under the Group Policy. The Group Policy contains numerous optional and variable provisions. The Employer selects the options and variables it requests be approved for its employees. The options and variables we have approved for the Employer's coverage under the Group Policy are contained in the Statement Of Coverage we provided to the Employer. Only those provisions of the Group Policy which appear in the Statement Of Coverage will apply to the Employer's coverage under the Group Policy.

We certify that you will be insured according to the terms of your Employer's coverage under the Group Policy. If the terms of this Certificate differ from the terms of your Employer's coverage under the Group Policy, the latter will govern. If your insurance is changed by an amendment to your Employer's coverage under the Group Policy, we will provide the Employer with a revised Certificate or other notice to be given to you.

Possession of this Certificate does not necessarily mean you are insured. You are insured only if you meet the requirements set out in this Certificate.

The terms "you" and "your" mean the Member. "We", "us", and "our" mean Standard Insurance Company. Other defined terms appear with their initial letters capitalized. Section headings, and references to them, appear in boldface type.

President

GC190-LTD/TRUST

Ex 1

P 8

# Table of Contents

COVERAGE FEATURES ................................................................................1
   GENERAL POLICY INFORMATION ...................................................1
      SCHEDULE OF INSURANCE.............................................................2
      PREMIUM CONTRIBUTIONS............................................................2
INSURING CLAUSE....................................................................................3
BECOMING INSURED ................................................................................3
WHEN YOUR INSURANCE BECOMES EFFECTIVE .................................4
ACTIVE WORK PROVISIONS .....................................................................4
CONTINUITY OF COVERAGE ....................................................................4
WHEN YOUR INSURANCE ENDS...............................................................5
CONTINUED INSURANCE DURING VACATIONS AND BREAKS ..............5
WAIVER OF PREMIUM ..............................................................................5
REINSTATEMENT OF INSURANCE ...........................................................6
DEFINITION OF DISABILITY ....................................................................6
RETURN TO WORK PROVISIONS .............................................................7
CONTINUING EDUCATION BENEFIT .......................................................9
REASONABLE ACCOMMODATION EXPENSE BENEFIT ...........................9
REHABILITATION PLAN PROVISION........................................................9
TEMPORARY RECOVERY........................................................................10
WHEN LTD BENEFITS END .....................................................................10
PREDISABILITY EARNINGS....................................................................11
DEDUCTIBLE INCOME ............................................................................11
EXCEPTIONS TO DEDUCTIBLE INCOME ................................................12
RULES FOR DEDUCTIBLE INCOME........................................................13
SUBROGATION........................................................................................13
SURVIVORS BENEFIT..............................................................................14
CONVERSION OF INSURANCE................................................................14
BENEFITS AFTER INSURANCE ENDS OR IS CHANGED .........................15
EFFECT OF NEW DISABILITY .................................................................15
DISABILITIES EXCLUDED FROM COVERAGE.........................................15
DISABILITIES SUBJECT TO LIMITED PAY PERIODS ..............................16
LIMITATIONS...........................................................................................17
CLAIMS ...................................................................................................18
ALLOCATION OF AUTHORITY ................................................................20
TIME LIMITS ON LEGAL ACTIONS .........................................................20
INCONTESTABILITY PROVISIONS ..........................................................20
CLERICAL ERROR, AGENCY, AND MISSTATEMENT...............................21
TERMINATION OR AMENDMENT OF GROUP POLICY OR EMPLOYER COVERAGE .21
DEFINITIONS...........................................................................................22

Ex 1
P 9

## Index of Defined Terms

Active Work, Actively At Work, 4
Allowable Periods, 10
Any Occupation, 7
Any Occupation Period, 2

Benefit Waiting Period, 2, 22

Child, 8
Contributory, 22
CPI-W, 22

Deductible Income, 11
Designated Open Enrollment Period, 22
Disabled, 6
Domestic Partner, 14

Eligibility Waiting Period, 2
Employer, 22
Employer Effective Date, 1
Employer(s), 1

Group Number, 1
Group Policy, 22
Group Policy Effective Date, 1
Group Policy Number, 1

Hospital, 17

Indexed Predisability Earnings, 22
Injury, 22

LTD Benefit, 22

Material Duties, 7

Maximum Benefit Period, 2, 22
Maximum LTD Benefit, 2
Member, 1, 3
Mental Disorder, 16
Minimum LTD Benefit, 2

Other Limited Conditions, 17
Own Occupation, 6
Own Occupation Period, 2

Partially Disabled, 7
Physical Disease, 22
Physician, 22
Policyholder, 1
Predisability Earnings, 11
Preexisting Condition, 15
Pregnancy, 22
Prior Plan, 23
Proof Of Loss, 18

Reasonable Accommodation Expense
    Benefit, 9
Rehabilitation Plan, 9

Social Security Normal Retirement Age
    (SSNRA), 2
Spouse, 14
Statement Of Coverage, 23

Temporary Recovery, 10

War, 15
Work Earnings, 8

Ex 1

P 10

## COVERAGE FEATURES

This section contains many of the features of your long term disability (LTD) insurance. Other provisions, including exclusions, limitations, and Deductible Income, appear in other sections. Please refer to the text of each section for full details. The Table of Contents and the Index of Defined Terms help locate sections and definitions.

---

### GENERAL POLICY INFORMATION

| | |
|---|---|
| Group Policy Number: | 638213-T |
| Policyholder: | Fleet National Bank, Trustee of the Standard Insurance Company Group Insurance Trust One Constitution Plaza, 14th Floor Hartford, CT 06115 |
| Employer(s): | State of California |
| Group Number: | 643146-A |
| Group Policy Effective Date: | August 1, 1999 |
| Employer Effective Date: | October 1, 2004 |
| Policy Issued in: | Rhode Island |

---

Member means an active employee of the Employer who (a) is appointed to a permanent half-time or greater position, (b) is a citizen or resident of the United States or Canada, (c) is Actively At Work*, and (d) is one of the following:

1. An excluded employee in one of the classifications listed below:

   Constitutional Officers (other than Legislative members) (E92)

   Managerial (M,E59, E79, E99)

   Supervisory (S,E48, E58, E68, E78, E98)

   Confidential (C,E97)

   Excluded/Exempt (E88, E89)

2. An employee whose position was redesignated to one of the classifications listed below, who was insured under the Employer's group long term disability insurance plan for excluded employees immediately prior to the redesignation, and who has remained continuously insured under that plan:

   E01 through E21

   E67 or E77

Member does not include:

a. A seasonal employee.

b. A full-time member of the armed forces of any country.

c. A leased employee or independent contractor.

d. A temporary employee (other than an employee on a limited term appointment who has a mandatory right of return to a position and status under which the employee will meet the definition of a Member).

*Ex 1*
*P 11*

*For purposes of the Member definition, Actively At Work will include regularly scheduled days off, holidays, or vacation days, so long as the person is capable of Active Work on those days.

## SCHEDULE OF INSURANCE

| | |
|---|---|
| Eligibility Waiting Period: | You are eligible on the later of (a) the Employer Effective Date, and (b) the date you become a Member. |

Eligibility Waiting Period means the period you must be a Member before you become eligible for insurance.

| | |
|---|---|
| Own Occupation Period: | The first 24 months for which LTD Benefits are paid. |
| Any Occupation Period: | From the end of the Own Occupation Period to the end of the Maximum Benefit Period. |

| | |
|---|---|
| LTD Benefit: | 55% Plan:  55% of the first $10,910 of your Predisability Earnings, reduced by Deductible Income. |
| | 65% Plan:  65% of the first $9,231 of your Predisability Earnings, reduced by Deductible Income. |
| Maximum: | $6,000 before reduction by Deductible Income. |
| Minimum: | $100 or 10% of your LTD Benefit before reduction by Deductible Income, whichever is greater. |

You may become insured under either the 55% Plan or the 65% Plan, but not both.

| | |
|---|---|
| Benefit Waiting Period: | 6 months |
| Maximum Benefit Period: | Determined by your age when Disability begins, as follows: |

| | |
|---|---|
| 61 or younger | To age 65, or to SSNRA, or 3 years 6 months, whichever is longest. |
| 62 | To SSNRA, or 3 years 6 months, whichever is longer. |
| 63 | To SSNRA, or 3 years, whichever is longer. |
| 64 | To SSNRA, or 2 years 6 months, whichever is longer. |
| 65 | 2 years |
| 66 | 1 year 9 months |
| 67 | 1 year 6 months |
| 68 | 1 year 3 months |
| 69 or older | 1 year |

Social Security Normal Retirement Age (SSNRA) means your normal retirement age under the Federal Social Security Act, as amended.

## PREMIUM CONTRIBUTIONS

| | |
|---|---|
| Insurance is: | Contributory |

Ex 1
P 12

## INSURING CLAUSE

If you become Disabled while insured under the Group Policy, we will pay LTD Benefits according to the terms of your Employer's coverage under the Group Policy after we receive Proof Of Loss satisfactory to us.

(TRUST)  LT.IC.OT.2

## BECOMING INSURED

To become insured you must be a Member, complete your Eligibility Waiting Period, and meet the requirements in **Active Work Provisions** and **When Your Insurance Becomes Effective**.

You are a Member if you are an active employee of the Employer who (a) is appointed to a permanent half-time or greater position, (b) is a citizen or resident of the United States or Canada, (c) is Actively At Work*, and (d) is one of the following:

1. An excluded employee in one of the classifications listed below:

   Constitutional Officers (other than Legislative members) (E92)

   Managerial (M,E59, E79, E99)

   Supervisory (S,E48, E58, E68, E78, E98)

   Confidential (C,E97)

   Excluded/Exempt (E88, E89)

2. An employee whose position was redesignated to one of the classifications listed below, who was insured under the Employer's group long term disability insurance plan for excluded employees immediately prior to the redesignation, and who has remained continuously insured under that plan:

   E01 through E21

   E67 or E77

Member does not include:

a. A seasonal employee.

b. A full-time member of the armed forces of any country.

c. A leased employee or independent contractor.

d. A temporary employee (other than an employee on a limited term appointment who has a mandatory right of return to a position and status under which the employee will meet the definition of a Member).

*For purposes of the Member definition, Actively At Work will include regularly scheduled days off, holidays, or vacation days, so long as the person is capable of Active Work on those days.

Eligibility Waiting Period means the period you must be a Member before you become eligible for insurance. Your Eligibility Waiting Period is shown in the **Coverage Features**.

(VAR MBR DEF)  LT.BI.OT.1X

Ex 1
P 13

## WHEN YOUR INSURANCE BECOMES EFFECTIVE

A.  When Insurance Becomes Effective

You must apply in writing for insurance and agree to pay premiums.  You may apply within 60 days after becoming eligible.  If you do not apply during that period, you may only apply during a subsequent Designated Open Enrollment Period.

Subject to the **Active Work Provisions**, your insurance will become effective as follows:

1.  If your application for coverage is processed by the 10th day of the calendar month, your insurance will become effective on the first day of the next calendar month.

2.  If your application for coverage is processed after the 10th day of the calendar month, your insurance will become effective on the first day of the second calendar month following the date you apply.

You may change your plan selection only during a Designated Open Enrollment Period.  A change in your plan selection will become effective as provided in 1. and 2. above.  Note that a new Preexisting Condition Exclusion will apply to any increase in coverage (see **Disabilities Excluded From Coverage**).

B.  Takeover Provision

If you were eligible for insurance under the Prior Plan for more than 60 days and you were not insured under the Prior Plan, you may not apply for insurance under the Group Policy until a Designated Open Enrollment Period which takes place on or after October 1, 2004.

**(VAR EOI_PRIOR)    LT.EF.OT.1X**

## ACTIVE WORK PROVISIONS

A.  Active Work Requirement

You must be capable of Active Work on the day before the scheduled effective date of your insurance or your insurance will not become effective as scheduled.  If you are incapable of Active Work because of Physical Disease, Injury, Pregnancy or Mental Disorder on the day before the scheduled effective date of your insurance, your insurance will not become effective until the day after you complete one full day of Active Work as an eligible Member.

Active Work and Actively At Work mean performing with reasonable continuity the Material Duties of your Own Occupation at your Employer's usual place of business.

B.  Changes In Insurance

This Active Work requirement also applies to any increase in your insurance.

**LT.AW.OT.1**

## CONTINUITY OF COVERAGE

A.  Waiver Of Active Work Requirement

If you were insured under the Prior Plan on September 30, 2004, you can become insured on October 1, 2004 without meeting the Active Work requirement or minimum number of work hours required, as stated in the definition of an eligible Member.  See **Active Work Provisions**.

The LTD Benefit will be the monthly benefit which would have been payable under the terms of the Prior Plan if it had remained in force.

However, no benefits will be payable to you under the Group Policy if any benefits are payable to you under the Prior Plan.

Revised 1/29/07                                    - 4 -                          $Ex \, l$                    643146-A

$P \, l4$

**B. Effect Of Preexisting Conditions**

The Preexisting Condition exclusion will not apply if you were continuously insured under the Group Policy for at least 24 months on the date you become Disabled. In computing this 24-month period, we will include any period of continuous coverage under the Prior Plan immediately preceding the date you became insured under the Group Policy.

LT.CC.OT.2X

## WHEN YOUR INSURANCE ENDS

Your insurance ends automatically on the earliest of:

1.  The date the last period ends for which a premium contribution was made for your insurance.

2.  The date the Group Policy terminates.

3.  The date your Employer's coverage under the Group Policy terminates.

4.  The date your employment terminates.

5.  The date you cease to be a Member. However, your insurance will be continued during the following periods when you are absent from Active Work, unless it ends under any of the above.

    a.  For the first 24 months during which you are Actively At Work for the Employer as a represented employee and paid by the Employer on a half-time or greater basis, subject to the following:

        i.  You must make the election to continue your insurance within 60 days following the date you cease to be a Member. If you do not apply to continue your insurance during that 60-day period, your insurance will be deemed to have ended on the date you ceased to be a Member. If you apply to continue your insurance during that 60-day period, your coverage will be retroactive to the date you ceased to be a Member.

        ii. Premium is due on or before the first day of each calendar month, and is paid directly to us at our home office. If you do not pay a premium before its due date, you may pay the premium during the following 60-day grace period. If you do not pay the premium during the 60-day grace period your insurance will terminate automatically at the end of the grace period.

    b.  During the first 60 days of a temporary layoff.

    c.  During a leave of absence if continuation of your insurance under the Group Policy is required by a state-mandated family or medical leave act or law.

    d.  During any other temporary leave of absence approved by your Employer in advance and in writing and scheduled to last no more than 6 months. A period of Disability is not a leave of absence.

**(TRUST)  LT.EN.OT.2X**

## CONTINUED INSURANCE DURING VACATIONS AND BREAKS

If you cease to be a Member because of a school break or vacation, your insurance will be continued during that period.

LT.SV.01

## WAIVER OF PREMIUM

We will waive payment of premium for your insurance while LTD Benefits are payable.

LT.WP.OT.1

Ex 1
P 15

## REINSTATEMENT OF INSURANCE

If your insurance ends, you may become insured again as a new Member. However, the following will apply:

1. If you cease to be a Member because of a covered Disability, your insurance will end; however, if you become a Member again immediately after LTD Benefits end, the Eligibility Waiting Period will be waived and, with respect to the condition(s) for which LTD Benefits were payable, the Preexisting Condition Exclusion will be applied as if your insurance had remained in effect during that period of Disability.

2. If your insurance ends because you are on a federal or state-mandated family or medical leave of absence, and you become a Member again immediately following the period allowed, your insurance will be reinstated pursuant to the federal or state-mandated family or medical leave act or law.

3. The Preexisting Conditions Exclusion will be applied as if insurance had remained in effect, if required by federal or state-mandated family or medical leave act or law and you become insured again immediately following the period allowed under the family or medical leave act or law.

4. In no event will insurance be retroactive.

LT.RE.OT.1X

## DEFINITION OF DISABILITY

You are Disabled if you meet one of the following definitions during the periods they apply:

    A. Own Occupation Definition Of Disability;

    B. Any Occupation Definition Of Disability; or

    C. Partial Plus Disability Definition.

A. Own Occupation Definition Of Disability

During the Benefit Waiting Period and the Own Occupation Period you are required to be Disabled only from your Own Occupation.

You are Disabled from your Own Occupation if, as a result of Physical Disease, Injury, Pregnancy or Mental Disorder, you are unable to perform with reasonable continuity the Material Duties of your Own Occupation.

Note: You are not Disabled merely because your right to perform your Own Occupation is restricted, including a restriction or loss of license.

During the Own Occupation Period you may work in another occupation while you meet the Own Occupation Definition Of Disability. However, you will no longer be Disabled when your Work Earnings from another occupation meet or exceed 80% of your Indexed Predisability Earnings. Your Work Earnings may be Deductible Income. See **Return To Work Provisions** and **Deductible Income.**

Own Occupation means any employment, business, trade, profession, calling or vocation that involves Material Duties of the same general character as the occupation you are regularly performing for your Employer when Disability begins. In determining your Own Occupation, we are not limited to looking at the way you perform your job for your Employer, but we may also look at the way the occupation is generally performed in the national economy. If your Own Occupation involves the rendering of professional services and you are required to have a professional or occupational license in order to work, your Own Occupation is as broad as the scope of your license.

$Ex$ 1
$P$ 16

Material Duties means the essential tasks, functions and operations, and the skills, abilities, knowledge, training and experience, generally required by employers from those engaged in a particular occupation that cannot be reasonably modified or omitted. In no event will we consider working an average of more than 40 hours per week to be a Material Duty.

B.  Any Occupation Definition Of Disability

During the Any Occupation Period you are required to be Disabled from all occupations.

You are Disabled from all occupations if, as a result of Physical Disease, Injury, Pregnancy or Mental Disorder, you are unable to perform with reasonable continuity the Material Duties of Any Occupation.

Any Occupation means any occupation or employment which you are able to perform, whether due to education, training, or experience, which is available at one or more locations in the national economy and in which you can be expected to earn at least 60% of your Indexed Predisability Earnings within twelve months following your return to work.

Material Duties means the essential tasks, functions and operations, and the skills, abilities, knowledge, training and experience, generally required by employers from those engaged in a particular occupation that cannot be reasonably modified or omitted. In no event will we consider working an average of more than 40 hours per week to be a Material Duty.

C.  Partial Plus Disability Definition

During the Benefit Waiting Period and the Own Occupation Period, you are Partially Disabled when you work in your Own Occupation or any other occupation but, as a result of Physical Disease, Injury, Pregnancy or Mental Disorder, you are unable to earn 80% or more of your Indexed Predisability Earnings, in that occupation.

During the Any Occupation Period, you are Partially Disabled when you work in an occupation but, as a result of Physical Disease, Injury, Pregnancy or Mental Disorder, you are unable to earn 80% or more of your Indexed Predisability Earnings, in that occupation and in all other occupations for which you are reasonably fitted by education, training and experience.

Your Work Earnings may be Deductible Income. See **Return To Work Provisions** and **Deductible Income**.

Your Own Occupation Period and Any Occupation Period are shown in the **Coverage Features**.

**LT2.DD.34X**

## RETURN TO WORK PROVISIONS

A.  Return To Work Incentive

You may serve your Benefit Waiting Period while working if you meet the Own Occupation Definition Of Disability.

You are eligible for the Return To Work Incentive on the first day you work after the Benefit Waiting Period if LTD Benefits are payable on that date. The Return To Work Incentive changes 12 months after that date, as follows:

1.  During the first 12 months, your Work Earnings will be Deductible Income as determined in a., b. and c:

    a.  Determine the amount of your LTD Benefit as if there were no Deductible Income, and add your Work Earnings to that amount.

    b.  Determine 100% of your Indexed Predisability Earnings.

    c.  If a. is greater than b., the difference will be Deductible Income.

Revised 1/29/07                          - 7 -                          643146-A

*Ex 1*
*P 17*

2. After those first 12 months, Work Earnings which will be Deductible Income is the greater of a. and b. below:

   a. 50% of your Work Earnings.

   b. The amount determined according to the formula in 1.above.

B. Work Earnings Definition

Work Earnings means your gross monthly earnings from work you perform while Disabled, plus the earnings you could receive if you worked as much as you are able to, considering your Disability, in work that is reasonably available:

   a. In your Own Occupation during the Own Occupation Period; and

   b. In Any Occupation during the Any Occupation Period.

Work Earnings includes earnings from your Employer, any other employer, or self-employment, and any sick pay, vacation pay, annual or personal leave pay or other salary continuation earned or accrued while working.

Earnings from work you perform will be included in Work Earnings when you have the right to receive them. If you are paid in a lump sum or on a basis other than monthly, we will prorate your Work Earnings over the period of time to which they apply. If no period of time is stated, we will use a reasonable one.

In determining your Work Earnings we:

1. Will use the financial accounting method you use for income tax purposes, if you use that method on a consistent basis.

2. Will not be limited to the taxable income you report to the Internal Revenue Service.

3. May ignore expenses under section 179 of the IRC as a deduction from your gross earnings.

4. May ignore depreciation as a deduction from your gross earnings.

5. May adjust the financial information you give us in order to clearly reflect your Work Earnings.

If we determine that your earnings vary substantially from month to month, we may determine your Work Earnings by averaging your earnings over the most recent three-month period. During the Own Occupation Period you will no longer be Disabled when your average Work Earnings over the last three months exceed 80% of your Indexed Predisability Earnings. During the Any Occupation Period you will no longer be Disabled when your average Work Earnings over the last three months exceed 80% of your Indexed Predisability Earnings.

C. Child Care Expenses Adjustment

If you must pay Child Care Expenses in order to work, we will reduce the amount of the Work Earnings used in determining your Deductible Income, subject to the following:

1. Your Work Earnings will be reduced by the first $250 per Child of the monthly Child Care Expenses you pay, but not to exceed a total of $500 for all Children.

2. The Work Earnings and the Child Care Expenses must be for the same period.

3. You must give us satisfactory proof of the Child Care Expenses you pay.

4. The Work Earnings reduction by Child Care Expenses will end 24 months after it begins.

Child Care Expenses means the amount you pay to a licensed care provider for the care of your Child which is necessary in order for you to work.

Child means:

Ex 1
P 13

1. Your child residing in your home (including your stepchild, adopted child, and a child for whom you are the legal guardian), from live birth through age 12; or

2. Your child, age 13 or older, residing in your home (including your stepchild, adopted child, and a child for whom you are the legal guardian) who is:

   a. Continuously incapable of self-sustaining employment because of mental retardation or physical handicap; and

   b. Chiefly dependent upon you for support and maintenance.

   LT2.RW.01X

## CONTINUING EDUCATION BENEFIT

We will pay a Continuing Education Benefit to you according to the rules below.

1. You must be receiving LTD Benefits and have a Student Dependent.

2. The amount of the Continuing Education Benefit is $100 per month for each of your Student Dependents and will be paid to you at the same time that LTD Benefits are payable.

3. The Continuing Education Benefit is payable for a maximum of 48 months for each Student Dependent during your entire lifetime.

4. Student Dependent means your unmarried child, adopted child, stepchild, or child for whom you are the court appointed legal guardian, who is under the age of 22 and who is a registered student in full-time attendance at an accredited institution of higher education beyond high school.

5. The Continuing Education Benefit will first be applied to reduce any overpayment of your claim.

## REASONABLE ACCOMMODATION EXPENSE BENEFIT

If you return to work in any occupation for any employer, not including self-employment, as a result of a reasonable accommodation made by such employer, we will pay that employer a Reasonable Accommodation Expense Benefit of up to $25,000, but not to exceed the expenses incurred.

The Reasonable Accommodation Expense Benefit is payable only if the reasonable accommodation is approved by us in writing prior to its implementation.

LT.RA.OT.1

## REHABILITATION PLAN PROVISION

While you are Disabled you may qualify to participate in a Rehabilitation Plan. Rehabilitation Plan means a written plan, program or course of vocational training or education that is intended to prepare you to return to work.

To participate in a Rehabilitation Plan you must apply on our forms or in a letter to us. The terms, conditions and objectives of the plan must be accepted by you and approved by us in advance. We have the sole discretion to approve your Rehabilitation Plan.

An approved Rehabilitation Plan may include our payment of some or all of the expenses you incur in connection with the plan, including:

a.  Training and education expenses.

b.  Family care expenses.

c.  Job-related expenses.

d.  Job search expenses.

LT.RH.OT.1

## TEMPORARY RECOVERY

You may temporarily recover from your Disability and then become Disabled again from the same cause or causes without having to serve a new Benefit Waiting Period. Temporary Recovery means you cease to be Disabled for no longer than the applicable Allowable Period. See **Definition Of Disability**.

A.  Allowable Periods

    1.  During the Benefit Waiting Period: a total of 30 days of recovery.

    2.  During the Maximum Benefit Period: 180 days for each period of recovery.

B.  Effect Of Temporary Recovery

    If your Temporary Recovery does not exceed the Allowable Periods, the following will apply.

    1.  The Predisability Earnings used to determine your LTD Benefit will not change.

    2.  The period of Temporary Recovery will not count toward your Benefit Waiting Period, your Maximum Benefit Period or your Own Occupation Period.

    3.  No LTD Benefits will be payable for the period of Temporary Recovery.

    4.  No LTD Benefits will be payable after benefits become payable to you under any other disability insurance plan under which you become insured during your period of Temporary Recovery.

    5.  Except as stated above, the provisions of the Group Policy will be applied as if there had been no interruption of your Disability.

LT.TR.OT.1

## WHEN LTD BENEFITS END

Your LTD Benefits end automatically on the earliest of:

1.  The date you are no longer Disabled.

2.  The date your Maximum Benefit Period ends.

3.  The date you die.

4.  The date benefits become payable under any other LTD plan under which you become insured through employment during a period of Temporary Recovery.

5.  The date you fail to provide proof of continued Disability and entitlement to LTD Benefits.

LT.BE.OT.1

Ex 1
p 20

643146-A

## PREDISABILITY EARNINGS

Your Predisability Earnings will be based on your earnings in effect on your last full day of Active Work. Any subsequent change in your earnings after that last full day of Active Work will not affect your Predisability Earnings.

Predisability Earnings means your monthly rate of earnings from your Employer, including:

1. Contributions you make through a salary reduction agreement with your Employer to:

   a. An Internal Revenue Code (IRC) Section 401(k), 403(b), or 457 deferred compensation arrangement; or

   b. An executive nonqualified deferred compensation arrangement.

2. For Military Department employees, your Basic Allowance for Housing and your Basic Allowance for Subsistence.

Predisability Earnings does not include:

1. Bonuses.

2. Commissions.

3. Shift differential pay.

4. Overtime pay.

5. Your Employer's contributions on your behalf to any deferred compensation arrangement or pension plan.

6. Amounts contributed to your fringe benefits according to a salary reduction agreement under an IRC Section 125 plan.

7. Any other extra compensation.

(REG WITH COM)    LT.PD.OT.1X

## DEDUCTIBLE INCOME

Subject to **Exceptions To Deductible Income** (page 12), Deductible Income means:

1. Sick pay, severance pay, or other salary continuation, including donated amounts, (but not vacation pay, annual leave pay or personal leave pay) paid to you by your Employer.

2. Your Work Earnings, as described in the **Return To Work Provisions**.

3. Any amount you receive or are eligible to receive because of your disability, including amounts for partial or total disability, whether permanent, temporary, or vocational, under any of the following:

   a. A workers' compensation law;

   b. The Jones Act;

   c. Maritime Doctrine of Maintenance, Wages, or Cure;

   d. Longshoremen's and Harbor Worker's Act; or

   e. Any similar act or law.

4. Any amount you, your Spouse, or your child under age 18 receive or are eligible to receive because of your disability or retirement under:

   a. The Federal Social Security Act;

   b. The Canada Pension Plan;

Revised 1/29/07                                  - 11 -                          643146-A

*Ex 1*
*p21*

    c. The Quebec Pension Plan;

    d. The Railroad Retirement Act; or

    e. Any similar plan or act.

Full offset: Both the primary benefit (the benefit awarded to you) and dependents benefit are Deductible Income.

Benefits your Spouse or a child receives or are eligible to receive because of your disability are Deductible Income regardless of marital status, custody, or place of residence. The term "child" has the meaning given in the applicable plan or act.

5. Any amount you receive or are eligible to receive because of your disability under any state disability income benefit law or similar law.

6. Any amount you receive or are eligible to receive because of your disability under another group insurance coverage.

7. Any disability or retirement benefits you receive or are eligible to receive under your Employer's retirement plan, including a public employee retirement system or a state teacher retirement system. You and your Employer's contributions will be considered as distributed simultaneously throughout your lifetime, regardless of how funds are distributed from the retirement plan.

If any of these plans has two or more payment options, the option which comes closest to providing you a monthly income for life with no survivors benefit will be Deductible Income, even if you choose a different option.

8. Any amount you receive or are eligible to receive from or on behalf of a third party because of your disability, whether by judgement, settlement or other method. If you notify us before filing suit or settling your claim against such third party, the amount used as Deductible Income will be reduced by a pro rata share of your costs of recovery, including reasonable attorney fees, and limited to an amount reasonably allocable to lost past and future earnings.

9. Any amount you receive by compromise, settlement, or other method as a result of a claim for any of the above, whether disputed or undisputed.

LT.DI.OT.1X

## EXCEPTIONS TO DEDUCTIBLE INCOME

Deductible Income does not include:

1. Any cost of living increase in any Deductible Income other than Work Earnings, if the increase becomes effective while you are Disabled and while you are eligible for the Deductible Income.

2. Reimbursement for hospital, medical, or surgical expense.

3. Reasonable attorneys fees incurred in connection with a claim for Deductible Income.

4. Benefits from any individual disability insurance policy.

5. Early retirement benefits under the Federal Social Security Act which are not actually received.

6. Group credit or mortgage disability insurance benefits.

7. Accelerated death benefits paid under a life insurance policy.

8. Benefits from the following:

    a. Profit sharing plan.

    b. Thrift or savings plan.

    c. Deferred compensation plan.

*Ex 1*

*p 22*     643146-A

    d.  Plan under IRC Section 401(k), 408(k), 408(p), or 457.

    e.  Individual Retirement Account (IRA).

    f.  Tax Sheltered Annuity (TSA) under IRC Section 403(b).

    g.  Stock ownership plan.

    h.  Keogh (HR-10) plan.

9.  Disability benefits from a plan arranged and maintained by a union or employee association for the benefit of its members.

(PUB_NO OTHR OFFST)   LT.ED.OT.1X

## RULES FOR DEDUCTIBLE INCOME

### A.  Monthly Equivalents

Each month we will determine your LTD Benefit using the Deductible Income for the same monthly period, even if you actually receive the Deductible Income in another month.

If you are paid Deductible Income in a lump sum or by a method other than monthly, we will determine your LTD Benefit using a prorated amount. We will use the period of time to which the Deductible Income applies. If no period of time is stated, we will use a reasonable one.

### B.  Your Duty To Pursue Deductible Income

You must pursue Deductible Income for which you may be eligible. We may ask for written documentation of your pursuit of Deductible Income. You must provide it within 60 days after we mail you our request. Otherwise, we may reduce your LTD Benefits by the amount we estimate you would be eligible to receive upon proper pursuit of the Deductible Income.

### C.  Pending Deductible Income

We will not deduct pending Deductible Income until it becomes payable. You must notify us of the amount of the Deductible Income when it is approved. You must repay us for the resulting overpayment of your claim.

### D.  Overpayment Of Claim

We will notify you of the amount of any overpayment of your claim under any group disability insurance policy issued by us. You must immediately repay us. You will not receive any LTD Benefits until we have been repaid in full. In the meantime, any LTD Benefits paid, including the Minimum LTD Benefit, will be applied to reduce the amount of the overpayment. We may charge you interest at the legal rate for any overpayment which is not repaid within 30 days after we first mail you notice of the amount of the overpayment.

LT.RU.OT.1

## SUBROGATION

If LTD Benefits are paid or payable to you under the Group Policy as the result of any act or omission of a third party, we will be subrogated to all rights of recovery you may have in respect to such act or omission. You must execute and deliver to us such instruments and papers as may be required and do whatever else is needed to secure such rights. You must avoid doing anything that would prejudice our rights of subrogation.

If you notify us before filing suit or settling your claim against such third party, the amount to which we are subrogated will be reduced by a pro rata share of your costs of recovery, including reasonable attorney fees. If suit or action is filed, we may record a notice of payments of LTD Benefits, and such notice shall constitute a lien on any judgement recovered.

*Ex 1*

*p 23*

If you or your legal representative fail to bring suit or action promptly against such third party, we may institute such suit or action in our name or in your name. We are entitled to retain from any judgement recovered the amount of LTD Benefits paid or to be paid to you or on your behalf, together with our costs of recovery, including attorney fees. The remainder of such recovery, if any, shall be paid to you or as the court may direct.

LT.SG.OT.1

## SURVIVORS BENEFIT

1. The Survivors Benefit is a lump sum equal to 3 times your LTD Benefit without reduction by Deductible Income.

2. The Survivors Benefit will first be applied to reduce any overpayment of your claim.

3. The Survivors Benefit will be paid at our option to any one or more of the following:

    a. Your surviving Spouse;

    b. Your surviving unmarried children, including adopted children, under age 25;

    c. Your surviving Spouse's unmarried children, including adopted children, under age 25; or

    d. Any person providing the care and support of any person listed in a., b., or c. above.

4. No Survivors Benefit will be paid if you are not survived by any person listed in a., b., or c. above.

Spouse means:

    a. A person to whom you are legally married; or

    b. Your Domestic Partner. Your Domestic Partner means an individual recognized as such under California state law.

(MULTPL)   LT.SB.OT.1X

## CONVERSION OF INSURANCE

When your insurance ends, you may buy LTD conversion insurance if you meet 1 through 5 below.

1. Your insurance ends for a reason other than:

    a. Termination or amendment of the Group Policy;

    b. Your failure to make a required premium contribution; or

    c. Your retirement.

2. You were continuously insured under your Employer's long term disability insurance plan for at least one year as of the date your insurance ended.

3. You are not Disabled on the date your insurance ends.

4. You are a citizen or resident of the United States or Canada.

5. You must apply in writing and pay the first premium to us within 31 days after your insurance ends.

Your LTD conversion insurance becomes effective on the day after your insurance ends.

The maximum LTD conversion insurance benefit you may select is the smallest of:

$Ex\ 1$

$P\ 24$

1. $4,000 (however, if you provide satisfactory Evidence Of Insurability, this upper limit is $8,000);

2. 60% of your Insured Predisability Earnings on the date your insurance ended; and

3. The LTD Benefit payable if you had become Disabled on the day before your insurance ended and you had no Deductible Income.

The maximum LTD conversion insurance benefit is reduced by deductible income. The certificate we will issue to you when your LTD conversion insurance becomes effective will contain other provisions which will also differ from the Group Policy.

LT.CV.OT.1

## BENEFITS AFTER INSURANCE ENDS OR IS CHANGED

During each period of continuous Disability, we will pay LTD Benefits according to the terms of your Employer's coverage under the Group Policy in effect on the date you become Disabled. Your right to receive LTD Benefits will not be affected by:

1. Any amendment to the Group Policy or your Employer's coverage under the Group Policy that is effective after you become Disabled.

2. Termination of the Group Policy or your Employer's coverage under the Group Policy after you become Disabled.

(TRUST)    LT.BA.OT.2

## EFFECT OF NEW DISABILITY

If a period of Disability is extended by a new cause while LTD Benefits are payable, LTD Benefits will continue while you remain Disabled. However, 1 and 2 apply.

1. LTD Benefits will not continue beyond the end of the original Maximum Benefit Period.

2. The **Disabilities Excluded From Coverage, Disabilities Subject To Limited Pay Periods,** and **Limitations** sections will apply to the new cause of Disability.

LT.ND.OT.1

## DISABILITIES EXCLUDED FROM COVERAGE

A. War

You are not covered for a Disability caused or contributed to by War or any act of War. War means declared or undeclared war, whether civil or international, and any substantial armed conflict between organized forces of a military nature.

B. Intentionally Self-Inflicted Injury

You are not covered for a Disability caused or contributed to by an intentionally self-inflicted Injury, while sane or insane.

C. Preexisting Condition

A separate Preexisting Condition exclusion applies to the 55% Plan and the 65% Plan. However, if you change your Plan selection from the 55% Plan to the 65% Plan and benefits are not payable under the 65% Plan because of the Preexisting Condition exclusion, your claim will be administered as if you had not changed your Plan selection.

1. Definition

Preexisting Condition means a mental or physical condition whether or not diagnosed or misdiagnosed:

Ex 1
P 25

643146-A

    a. For which you have done or for which a reasonably prudent person would have done any of the following:

       i. Consulted a physician or other licensed medical professional;

       ii. Received medical treatment, services or advice;

       iii. Undergone diagnostic procedures, including self-administered procedures;

       iv. Taken prescribed drugs or medications;

    b. Which, as a result of any medical examination, including routine examination, was discovered or suspected;

with respect to the 55% Plan, at any time during the 365-day period just before your insurance becomes effective under the Group Policy;

with respect to the 65% Plan, at any time during the 365-day period just before your insurance becomes effective under the 65% Plan.

2. Exclusion

With respect to the 55% Plan, you are not covered for a Disability caused or contributed to by a Preexisting Condition or medical or surgical treatment of a Preexisting Condition unless, on the date you become Disabled, you (a) have been continuously insured under the Group Policy for 24 months, and (b) have been Actively At Work for at least one full day after the end of that 24 months.

With respect to the 65% Plan, you are not covered for a Disability caused or contributed to by a Preexisting Condition or medical or surgical treatment of a Preexisting Condition unless, on the date you become Disabled, you (a) have been continuously insured under the 65% Plan under the Group Policy for 24 months, and (b) have been Actively At Work for at least one full day after the end of that 24 months.

D. Loss Of License Or Certification

You are not covered for a Disability caused or contributed to by the loss of your professional license, occupational license or certification.

E. Violent Or Criminal Conduct

You are not covered for a Disability caused or contributed to by your committing or attempting to commit an assault or felony, or actively participating in a violent disorder or riot. Actively participating does not include being at the scene of a violent disorder or riot while performing your official duties.

**(WITH PRUDNT)    LT.XD.OT.1X**

## DISABILITIES SUBJECT TO LIMITED PAY PERIODS

A. Mental Disorders and Other Limited Conditions

Payment of LTD Benefits is limited to 24 months during your entire lifetime for a Disability caused or contributed to by any one or more of the following, or medical or surgical treatment of one or more of the following:

1. Mental Disorders; or

2. Other Limited Conditions.

However, if you are confined in a Hospital solely because of a Mental Disorder at the end of the 24 months, this limitation will not apply while you are continuously confined.

Mental Disorder means any mental, emotional, behavioral, psychological, personality, cognitive, mood or stress-related abnormality, disorder, disturbance, dysfunction or syndrome, regardless of

Ex 1
p 26

cause (including any biological or biochemical disorder or imbalance of the brain) or the presence of physical symptoms. Mental Disorder includes, but is not limited to, bipolar affective disorder, organic brain syndrome, schizophrenia, psychotic illness, manic depressive illness, depression and depressive disorders, anxiety and anxiety disorders.

Other Limited Conditions means chronic fatigue conditions (such as chronic fatigue syndrome, chronic fatigue immunodeficiency syndrome, post viral syndrome, limbic encephalopathy, Epstein-Barr virus infection, herpesvirus type 6 infection, or myalgic encephalomyelitis), any allergy or sensitivity to chemicals or the environment (such as environmental allergies, sick building syndrome, multiple chemical sensitivity syndrome or chronic toxic encephalopathy), chronic pain conditions (such as fibromyalgia, reflex sympathetic dystrophy or myofascial pain), carpal tunnel or repetitive motion syndrome, temporomandibular joint disorder, craniomandibular joint disorder, arthritis, diseases or disorders of the cervical, thoracic, or lumbosacral back and its surrounding soft tissue, and sprains or strains of joints or muscles.

However, Other Limited Conditions does not include neoplastic diseases, neurologic diseases, endocrine diseases, hematologic diseases, asthma, allergy-induced reactive lung disease, tumors, malignancies, or vascular malformations, demyelinating diseases, lupus, rheumatoid or psoriatic arthritis, herniated discs with neurological abnormalities that are documented by electromyogram and computerized tomography or magnetic resonance imaging, scoliosis, radiculopathies that are documented by electromyogram, spondylolisthesis, grade II or higher, myelopathies and myelitis, traumatic spinal cord necrosis, osteoporosis, discitis, Paget's disease.

Hospital means a legally operated hospital providing full-time medical care and treatment under the direction of a full-time staff of licensed physicians. Rest homes, nursing homes, convalescent homes, homes for the aged, and facilities primarily affording custodial, educational, or rehabilitative care are not Hospitals.

B.  Rules For Disabilities Subject To Limited Pay Periods

1.  If you are Disabled as a result of a Mental Disorder or any Physical Disease or Injury for which payment of LTD Benefits is subject to a limited pay period, and at the same time are Disabled as a result of a Physical Disease, Injury, or Pregnancy that is not subject to such limitation, LTD Benefits will be payable first for conditions that are subject to the limitation.

2.  No LTD Benefits will be payable after the end of the limited pay period, unless on that date you continue to be Disabled as a result of a Physical Disease, Injury, or Pregnancy for which payment of LTD Benefits is not limited.

(NO SBST_WITH MUSC)   LT.LP.OT.1

# LIMITATIONS

A.  Under The Care Of A Physician

You must be under the ongoing care of a Physician in the appropriate specialty as determined by us during the Benefit Waiting Period. No LTD Benefits will be paid for any period of Disability when you are not under the ongoing care of a Physician in the appropriate specialty as determined by us.

B.  Rehabilitation Program

No LTD Benefits will be paid for any period of Disability when you are not participating in good faith in a rehabilitation plan, rehabilitation program or course of medical treatment or vocational training or education approved by us unless your Disability prevents you from participating.

(NO FRGN_NO PRSN)   LT.LM.OT.1X

*Ex 1*
*P 27*

643146-A

# CLAIMS

A. **Filing A Claim**

Claims should be filed on our forms. If we do not provide our forms within 15 days after they are requested, you may submit your claim in a letter to us. The letter should include the date disability began, and the cause and nature of the disability.

B. **Time Limits On Filing Proof Of Loss**

You must give us Proof Of Loss within 90 days after the end of the Benefit Waiting Period. If you cannot do so, you must give it to us as soon as reasonably possible, but not later than one year after that 90-day period. If Proof Of Loss is filed outside these time limits, your claim will be denied. These limits will not apply while you lack legal capacity.

C. **Proof Of Loss**

Proof Of Loss means written proof that you are Disabled and entitled to LTD Benefits. Proof Of Loss must be provided at your expense.

For claims of Disability due to conditions other than Mental Disorders, we may require proof of physical impairment that results from anatomical or physiological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.

D. **Documentation**

Completed claims statements, a signed authorization for us to obtain information, and any other items we may reasonably require in support of a claim must be submitted at your expense. If the required documentation is not provided within 45 days after we mail our request, your claim may be denied.

E. **Investigation Of Claim**

We may investigate your claim at any time.

At our expense, we may have you examined at reasonable intervals by specialists of our choice. We may deny or suspend LTD Benefits if you fail to attend an examination or cooperate with the examiner.

F. **Time Of Payment**

We will pay LTD Benefits within 60 days after you satisfy Proof Of Loss.

LTD Benefits will be paid to you at the end of each month you qualify for them. LTD Benefits remaining unpaid at your death will be paid to the person(s) receiving the Survivors Benefit. If no Survivors Benefit is paid, the unpaid LTD Benefits will be paid to your estate.

G. **Notice Of Decision On Claim**

We will evaluate your claim promptly after you file it. Within 45 days after we receive your claim we will send you: (a) a written decision on your claim; or (b) a notice that we are extending the period to decide your claim for 30 days. Before the end of this extension period we will send you: (a) a written decision on your claim; or (b) a notice that we are extending the period to decide your claim for an additional 30 days. If an extension is due to your failure to provide information necessary to decide the claim, the extended time period for deciding your claim will not begin until you provide the information or otherwise respond.

If we extend the period to decide your claim, we will notify you of the following: (a) the reasons for the extension; (b) when we expect to decide your claim; (c) an explanation of the standards on which entitlement to benefits is based; (d) the unresolved issues preventing a decision; and (e) any additional information we need to resolve those issues.

EX 1
P 28

If we request additional information, you will have 45 days to provide the information.  If you do not provide the requested information within 45 days, we may decide your claim based on the information we have received.

If we deny any part of your claim, you will receive a written notice of denial containing:

a.  The reasons for our decision.

b.  Reference to the parts of the Group Policy on which our decision is based.

c.  A description of any additional information needed to support your claim.

d.  Information concerning your right to a review of our decision.

H.  Review Procedure

If all or part of a claim is denied, you may request a review.  You must request a review in writing within 180 days after receiving notice of the denial.

You may send us written comments or other items to support your claim.  You may review and receive copies of any non-privileged information that is relevant to your request for review.  There will be no charge for such copies.  You may request the names of medical or vocational experts who provided advice to us about your claim.

The person conducting the review will be someone other than the person who denied the claim and will not be subordinate to that person. The person conducting the review will not give deference to the initial denial decision. If the denial was based on a medical judgement, the person conducting the review will consult with a qualified health care professional. This health care professional will be someone other than the person who made the original medical judgement and will not be subordinate to that person.  Our review will include any written comments or other items you submit to support your claim.

We will review your claim promptly after we receive your request.  Within 45 days after we receive your request for review we will send you: (a) a written decision on review; or (b) a notice that we are extending the review period for 45 days. If the extension is due to your failure to provide information necessary to decide the claim on review, the extended time period for review of your claim will not begin until you provide the information or otherwise respond.

If we extend the review period, we will notify you of the following: (a) the reasons for the extension; (b) when we expect to decide your claim on review; and (c) any additional information we need to decide your claim.

If we request additional information, you will have 45 days to provide the information.  If you do not provide the requested information within 45 days, we may conclude our review of your claim based on the information we have received.

If we deny any part of your claim on review, you will receive a written notice of denial containing:

a.  The reasons for our decision.

b.  Reference to the parts of the Group Policy on which our decision is based.

c.  Information concerning your right to receive, free of charge, copies of non-privileged documents and records relevant to your claim.

I.  Assignment

The rights and benefits under the Group Policy are not assignable.

(REV PUB WRDG)    LT.CL.OT.2

Revised 1/29/07                                   - 19 -                         *Ex 1*
                                                                                 *p 29*
                                                                                           643146-A

## ALLOCATION OF AUTHORITY

Except for those functions which the Group Policy specifically reserves to the Policyholder or Employer, we have full and exclusive authority to control and manage the Group Policy, to administer claims, and to interpret the Group Policy and resolve all questions arising in the administration, interpretation, and application of the Group Policy.

Our authority includes, but is not limited to:

1. The right to resolve all matters when a review has been requested;

2. The right to establish and enforce rules and procedures for the administration of the Group Policy and any claim under it;

3. The right to determine:

   a. Eligibility for insurance;

   b. Entitlement to benefits;

   c. The amount of benefits payable; and

   d. The sufficiency and the amount of information we may reasonably require to determine a., b., or c., above.

Subject to the review procedures of the Group Policy, any decision we make in the exercise of our authority is conclusive and binding.

LT.AL.OT.1

## TIME LIMITS ON LEGAL ACTIONS

No action at law or in equity may be brought until 60 days after you have given us Proof Of Loss. No such action may be brought more than three years after the earlier of:

1. The date we receive Proof Of Loss; and

2. The time within which Proof Of Loss is required to be given.

LT.TL.OT.1

## INCONTESTABILITY PROVISIONS

A. Incontestability Of Insurance

Any statement made to obtain insurance or to increase insurance is a representation and not a warranty.

No misrepresentation will be used to reduce or deny a claim or contest the validity of insurance unless:

1. The insurance would not have been approved if we had known the truth; and

2. We have given you or any other person claiming benefits a copy of the signed written instrument which contains the misrepresentation.

After insurance has been in effect for two years during the lifetime of the insured, we will not use a misrepresentation to reduce or deny the claim, unless it was a fraudulent misrepresentation.

B. Incontestability Of The Group Policy Or Employer Coverage Under The Group Policy

Any statement made by the Policyholder to obtain the Group Policy or made by an Employer to obtain coverage under the Group Policy is a representation and not a warranty.

Revised 1/29/07                    - 20 -                    *Ex 1*
                                                           *p 30*        643146-A

No misrepresentation by the Policyholder or your Employer will be used to deny a claim or to deny the validity of the Group Policy unless:

1. The Group Policy would not have been issued if we had known the truth; and

2. We have given the Policyholder or Employer a copy of a written instrument signed by the Policyholder or Employer which contains the misrepresentation.

The validity of the Group Policy or your Employer's coverage under the Group Policy will not be contested after it has been in force for two years, except for nonpayment of premiums or fraudulent misrepresentations.

LT.IN.OT.2

## CLERICAL ERROR, AGENCY, AND MISSTATEMENT

A. Clerical Error

Clerical error by the Policyholder, your Employer, or their respective employees or representatives will not:

1. Cause a person to become insured.

2. Invalidate insurance under the Group Policy otherwise validly in force.

3. Continue insurance under the Group Policy otherwise validly terminated.

4. Cause an Employer to obtain coverage under the Group Policy.

B. Agency

Your Employer acts on their own behalf as your agent, and not as our agent. Your Employer has no authority to alter, expand or extend our liability or to waive, modify or compromise any defense or right we may have under the Group Policy.

C. Misstatement Of Age

If a person's age has been misstated, we will make an equitable adjustment of premiums, benefits, or both. The adjustment will be based on:

1. The amount of insurance based on the correct age; and

2. The difference between the premiums paid and the premiums which would have been paid if the age had been correctly stated.

LT.CE.OT.2

## TERMINATION OR AMENDMENT OF GROUP POLICY OR EMPLOYER COVERAGE

The Group Policy may be terminated, changed or amended in whole or in part by us or the Policyholder according to the terms of the Group Policy. Any such change or amendment may apply to current or future Employers and Members covered under the Group Policy or to any separate classes or categories thereof. An Employer's coverage under the Group Policy may be terminated, changed or amended in whole or in part by us or the Employer according to the terms of the Group Policy.

We may change the Group Policy or any Employer's coverage under the Group Policy in whole or in part when any change or clarification in law or governmental regulation affects our obligations under the Group Policy, or with the Policyholder's or Employer's consent.

An Employer may terminate coverage under the Group Policy in whole, and may terminate insurance for any class or group of Members, at any time by giving us written notice. Insurance will terminate automatically for nonpayment of premium.

Revised 1/29/07                          - 21 -                    *Ex 1 p 31*                    643146-A

Benefits are limited to the terms of your Employer's coverage under the Group Policy, including any valid amendment. No change or amendment to your Employer's coverage will be valid unless it is approved in writing by one of our executive officers and given to your Employer. The Policyholder, your Employer, and their respective employees or representatives have no right or authority to change or amend the Group Policy or your Employer's coverage under the Group Policy or to waive any of its terms or provisions thereof without our signed, written approval.

LT.TA.OT.2

## DEFINITIONS

**Benefit Waiting Period** means the period you must be continuously Disabled before LTD Benefits become payable. No LTD Benefits are payable for the Benefit Waiting Period. See **Coverage Features**.

**Contributory** means insurance is elective and Members pay all of the premium for insurance.

**CPI-W** means the Consumer Price Index for Urban Wage Earners and Clerical Workers published by the United States Department of Labor. If the CPI-W is discontinued or changed, we may use a comparable index. Where required, we will obtain prior state approval of the new index.

**Designated Open Enrollment Period** means a period designated by the Employer during which employees may apply for insurance under the Group Policy.

**Employer** means an employer (including approved affiliates and subsidiaries) participating in the Standard Insurance Company Group Insurance Trust for which coverage under the Group Policy is approved in writing by us.

**Group Policy** with respect to the Policyholder means the group LTD insurance policy issued by us to the Policyholder and identified by the Group Policy Number. Group Policy with respect to an Employer means only those provisions of the Group Policy, including the options and variables requested by the Employer, we have approved for that Employer with respect to its eligible employees. The Employer's coverage under the Group Policy is described in the Statement Of Coverage provided by us to the Employer.

**Indexed Predisability Earnings** means your Predisability Earnings adjusted by the rate of increase in the CPI-W. During your first year of Disability, your Indexed Predisability Earnings are the same as your Predisability Earnings. Thereafter, your Indexed Predisability Earnings are determined on each anniversary of your Disability by increasing the previous year's Indexed Predisability Earnings by the rate of increase in the CPI-W for the prior calendar year. The maximum adjustment in any year is 10%. Your Indexed Predisability Earnings will not decrease, even if the CPI-W decreases.

**Injury** means an injury to the body.

**LTD Benefit** means the monthly benefit payable to you under the terms of your Employer's coverage under the Group Policy.

**Maximum Benefit Period** means the longest period for which LTD Benefits are payable for any one period of continuous Disability, whether from one or more causes. It begins at the end of the Benefit Waiting Period. No LTD Benefits are payable after the end of the Maximum Benefit Period, even if you are still Disabled. See **Coverage Features**.

**Physical Disease** means a physical disease entity or process that produces structural or functional changes in the body as diagnosed by a Physician.

**Physician** means a licensed M.D. or D.O., acting within the scope of the license. Physician does not include you or your Spouse, or the brother, sister, parent, or child of either you or your Spouse.

**Pregnancy** means your pregnancy, childbirth, or related medical conditions, including complications of pregnancy.

Ex 1
p 32

Prior Plan means your Employer's group long term disability insurance plan in effect on the day before the effective date of your Employer's coverage under the Group Policy and which is replaced by your Employer's coverage under the Group Policy.

Statement Of Coverage means the statement we provide to an Employer describing the coverage under the Group Policy we have approved with respect to its eligible employees and identified by the Group Number.

**(TRUST)    LT.DF.OT.2**

**CA/LTDC2000    (Trust)**

*Ex 1*
*p 33*

643146-A



Standard Insurance Company
A subsidiary of StanCorp Financial Group, Inc.
1100 SW Sixth Avenue
Portland OR 97204

www.standard.com

SI 12138-643146 (1/07)

*Ex 1*
*p 34*

# SUMMONS
## (CITACIÓN JUDICIAL)

**SUM-100**

**NOTICE TO DEFENDANT:** ~~Standard~~ DnD
*(AVISO AL DEMANDADO):*
STANDARD INSURANCE COMPANY,

DOES 1-10
**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
SARAH LESLIE,

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

[court stamp]
CENTRAL DIVISION

2008 FEB 20  PM 4: 06

SAN DIEGO COUNTY, CA

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff.   A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case.  There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you.  If you cannot pay the filing fee, ask the court clerk for a fee waiver form.  If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante.  Una carta o una llamada telefónica no lo protegen.  Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte.  Es posible que haya un formulario que usted pueda usar para su respuesta.  Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados.  Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>SUPERIOR COURT OF THE STATE OF CALIFORNIA<br>330 WEST BROADWAY<br><br>SAN DIEGO, CALIFORNIA 92101<br>CENTRAL | CASE NUMBER:<br>*(Número del Caso):*<br>37-2008-00078353-CU-IC-CTL |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Craig Miller, Esq., 116030                          619-231-9449
Levine Steinberg Miller & Huver, APC
550 West C Street, Suite 1810
San Diego, CA 92101
DATE:                                    Clerk, by _____, Deputy
*(Fecha)*  FEB 2 0 2008           *(Secretario)*   B. Orihuela    *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]
SUPERIOR COURT • SAN DIEGO COUNTY • CA

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

  under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
         ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
         ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
         ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Ex 2
P 35

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. January 1, 2004] | **SUMMONS** | Page 1 of 1<br>Code of Civil Procedure §§ 412.20, 465 |

Legal Solutions Plus

*[stamp]* FEB 2008 9:35am

# SUMMONS
## (CITACION JUDICIAL)

**SUM-100**

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

*[stamp]* 2008 FEB 20 PM 4:06

**NOTICE TO DEFENDANT:** *(standard In.)*
**(AVISO AL DEMANDADO):**
STANDARD INSURANCE COMPANY,

DOES 1-10

**YOU ARE BEING SUED BY PLAINTIFF:**
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**
SARAH LESLIE,

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.
There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted puede usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*
*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| | |
|---|---|
| The name and address of the court is:<br>(El nombre y dirección de la corte es):<br>SUPERIOR COURT OF THE STATE OF CALIFORNIA<br>330 WEST BROADWAY<br><br>SAN DIEGO, CALIFORNIA 92101<br>CENTRAL | **CASE NUMBER:**<br>(Número del Caso):<br>37-2008-00078353-CU-IC-CTL |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):     619-231-9449

Craig Miller, Esq., 116030
Levine Steinberg Miller & Huver, APC
550 West C Street, Suite 1810
San Diego, CA 92101

DATE: **FEB 2 0 2008**     Clerk, by _____**B. Orihuela**_____, Deputy
(Fecha)     (Secretario)     (Adjunto)

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):
3. ☒ on behalf of (specify): Standard Insurance company

    under: ☐ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
         ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
         ☐ CCP 416.40 (association or partnership)     ☐ CCP 416.90 (authorized person)
         ☐ other (specify): FEB 27 2008
4. ☒ by personal delivery on (date): 2/27/08

[SEAL]

SUMMONS

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

Code of Civil Procedure §§ 412.20, 465

Page 1 of 1

Legal
Solutions
Plus

*Ex 2*
*p 36*

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Craig Miller, Esq., 116030<br>Levine Steinberg Miller & Huver, APC<br>550 West C Street, Suite 1810<br>San Diego, CA 92101<br><br>TELEPHONE NO.: 619-231-9449  FAX NO.:<br>ATTORNEY FOR (Name): Plaintiff Sarah Leslie | 2008 FEB 20  PM 4:06<br><br>...........CA |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO
STREET ADDRESS: 330 WEST BROADWAY
MAILING ADDRESS:
CITY AND ZIP CODE: SAN DIEGO, CALIFORNIA 92101
BRANCH NAME: CENTRAL

| CASE NAME: Leslie v. Standard | |
|---|---|

| CIVIL CASE COVER SHEET<br>[x] Unlimited   [ ] Limited<br>(Amount        (Amount<br>demanded    demanded is<br>exceeds $25,000)  $25,000 or less) | Complex Case Designation<br>[ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | CASE NUMBER:<br>37-2008-00078353-CU-IC-CTL<br>JUDGE:<br>DEPT: |
|---|---|---|

*Items 1-6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | (Cal. Rules of Court, rules 3.400-3.403) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property** | [ ] Other collections (09) | [ ] Construction defect (10) |
| **Damage/Wrongful Death) Tort** | [x] Insurance coverage (18) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Other contract (37) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | **Real Property** | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | [ ] Eminent domain/Inverse | [ ] Insurance coverage claims arising from the |
| [ ] Other PI/PD/WD (23) | condemnation (14) | above listed provisionally complex case |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | types (41) |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | **Enforcement of Judgment** |
| [ ] Civil rights (08) | **Unlawful Detainer** | [ ] Enforcement of judgment (20) |
| [ ] Defamation (13) | [ ] Commercial (31) | **Miscellaneous Civil Complaint** |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] RICO (27) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | [ ] Other complaint (not specified above) (42) |
| [ ] Professional negligence (25) | **Judicial Review** | **Miscellaneous Civil Petition** |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Partnership and corporate governance (21) |
| **Employment** | [ ] Petition re: arbitration award (11) | [ ] Other petition (not specified above) (43) |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [ ] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [ ] is [x] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties  d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel  e. [ ] Coordination with related actions pending in one or more courts
       issues that will be time-consuming to resolve        in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence  f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [x] monetary b. [ ] nonmonetary; declaratory or injunctive relief c. [x] punitive

4. Number of causes of action (specify): Two:Breach of contract; Breach of implied convenant.

5. This case [ ] is [x] is not a class action suit.

6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: 2-20-08

Craig Miller, Esq., 116030    ▶
(TYPE OR PRINT NAME)                                (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

### NOTICE
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.
Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET**  Legal<br>Solutions<br>& Plus | Cal. Rules of Court, rules 2.30, 3.220, 3.400-3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10 |
|---|---|---|



Ex 2
P 37

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**                    CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
Auto (22)—Personal Injury/Property
   Damage/Wrongful Death
Uninsured Motorist (46) *(if the*
   *case involves an uninsured*
   *motorist claim subject to*
   *arbitration, check this item*
   *instead of Auto)*
**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
   Asbestos Property Damage
   Asbestos Personal Injury/
     Wrongful Death
Product Liability *(not asbestos or*
   *toxic/environmental)* (24)
Medical Malpractice (45)
   Medical Malpractice–
     Physicians & Surgeons
   Other Professional Health Care
     Malpractice
Other PI/PD/WD (23)
   Premises Liability (e.g., slip
     and fall)
   Intentional Bodily Injury/PD/WD
     (e.g., assault, vandalism)
   Intentional Infliction of
     Emotional Distress
   Negligent Infliction of
     Emotional Distress
   Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
   Practice (07)
Civil Rights (e.g., discrimination,
   false arrest) *(not civil*
   *harassment)* (08)
Defamation (e.g., slander, libel)
   (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
   Legal Malpractice
   Other Professional Malpractice
     *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
   Breach of Rental/Lease
     Contract *(not unlawful detainer*
     *or wrongful eviction)*
   Contract/Warranty Breach—Seller
     Plaintiff *(not fraud or negligence)*
   Negligent Breach of Contract/
     Warranty
   Other Breach of Contract/Warranty
Collections (e.g., money owed, open
   book accounts) (09)
   Collection Case—Seller Plaintiff
   Other Promissory Note/Collections
     Case
Insurance Coverage *(not provisionally*
   *complex)* (18)
   Auto Subrogation
   Other Coverage
Other Contract (37)
   Contractual Fraud
   Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
   Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
   Writ of Possession of Real Property
   Mortgage Foreclosure
   Quiet Title
   Other Real Property *(not eminent*
     *domain, landlord/tenant, or*
     *foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal*
   *drugs, check this item; otherwise,*
   *report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
   Writ–Administrative Mandamus
   Writ–Mandamus on Limited Court
     Case Matter
   Writ–Other Limited Court Case
     Review
Other Judicial Review (39)
   Review of Health Officer Order
   Notice of Appeal–Labor
     Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
   *(arising from provisionally complex*
   *case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
   Abstract of Judgment (Out of
     County)
   Confession of Judgment *(non-*
     *domestic relations)*
   Sister State Judgment
   Administrative Agency Award
     *(not unpaid taxes)*
   Petition/Certification of Entry of
     Judgment on Unpaid Taxes
   Other Enforcement of Judgment
     Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified*
   *above)* (42)
   Declaratory Relief Only
   Injunctive Relief Only *(non-*
     *harassment)*
   Mechanics Lien
   Other Commercial Complaint
     Case *(non-tort/non-complex)*
   Other Civil Complaint
     *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
   Governance (21)
Other Petition *(not specified*
   *above)* (43)
   Civil Harassment
   Workplace Violence
   Elder/Dependent Adult
     Abuse
   Election Contest
   Petition for Name Change
   Petition for Relief from Late
     Claim
   Other Civil Petition

*Ex 2
P 38*

CM-010 [Rev. July 1, 2007]                    **CIVIL CASE COVER SHEET**                    Page 2 of 2

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO
STREET ADDRESS:      330 West Broadway
MAILING ADDRESS:     330 West Broadway
CITY AND ZIP CODE:   San Diego, CA 92101
BRANCH NAME:         Central
TELEPHONE NUMBER:    (619) 555-6144

PLAINTIFF(S) / PETITIONER(S):      Sarah leslie

DEFENDANT(S) / RESPONDENT(S):  Standard insurance Company

LESLIE VS. STANDARD INSURANCE COMPANY

| NOTICE OF CASE ASSIGNMENT | CASE NUMBER: 37-2008-00078353-CU-IC-CTL |
|---|---|

Judge: Ronald S. Prager                        Department: C-71

**COMPLAINT/PETITION FILED: 02/20/2008**

## CASES ASSIGNED TO THE PROBATE DIVISION ARE NOT REQUIRED TO COMPLY WITH THE CIVIL REQUIREMENTS LISTED BELOW

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT).

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

**TIME STANDARDS:** The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time. General civil consists of all cases except: Small claims appeals, petitions, and unlawful detainers.

**COMPLAINTS:** Complaints must be served on all named defendants, and a CERTIFICATE OF SERVICE (SDSC CIV-345) filed within 60 days of filing. This is a mandatory document and may not be substituted by the filing of any other document.

**DEFENDANT'S APPEARANCE:** Defendant must generally appear within 30 days of service of the complaint. (Plaintiff may stipulate to no more than a 15 day extension which must be in writing and filed with the Court.)

**DEFAULT:** If the defendant has not generally appeared and no extension has been granted, the plaintiff must request default within 45 days of the filing of the Certificate of Service.

THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO LITIGATION, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. MEDIATION SERVICES ARE AVAILABLE UNDER THE DISPUTE RESOLUTION PROGRAMS ACT AND OTHER PROVIDERS. SEE ADR INFORMATION PACKET AND STIPULATION.

YOU MAY ALSO BE ORDERED TO PARTICIPATE IN ARBITRATION PURSUANT TO CCP 1141.10 AT THE CASE MANAGEMENT CONFERENCE. THE FEE FOR THESE SERVICES WILL BE PAID BY THE COURT IF ALL PARTIES HAVE APPEARED IN THE CASE AND THE COURT ORDERS THE CASE TO ARBITRATION PURSUANT TO CCP 1141.10. THE CASE MANAGEMENT CONFERENCE WILL BE CANCELLED IF YOU FILE FORM SDSC CIV-359 PRIOR TO THAT HEARING

SDSC CIV-721 (Rev. 11-06)                    NOTICE OF CASE ASSIGNMENT

*Ex 2*
*P 39*

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

CASE NUMBER: 37-2008-00078353-CU-IC-CTL    CASE TITLE: leslie vs. Standard Insurance Company

## NOTICE TO LITIGANTS/ADR INFORMATION PACKAGE

You are required to serve a copy of this Notice to Litigants/ADR Information Package and a copy of the blank Stipulation to Alternative Dispute Resolution Process (received from the Civil Business Office at the time of filing) with a copy of the Summons and Complaint on all defendants in accordance with San Diego Superior Court Rule 2.1.5, Division II and CRC Rule 201.9.

## ADR POLICY

It is the policy of the San Diego Superior Court to strongly support the use of Alternative Dispute Resolution ("ADR") in all general civil cases. The court has long recognized the value of early case management intervention and the use of alternative dispute resolution options for amenable and eligible cases. The use of ADR will be discussed at all Case Management Conferences. It is the court's expectation that litigants will utilize some form of ADR – i.e. the court's mediation or arbitration programs or other available private ADR options as a mechanism for case settlement before trial.

## ADR OPTIONS

**1) CIVIL MEDIATION PROGRAM:** The San Diego Superior Court Civil Mediation Program is designed to assist parties with the early resolution of their dispute. All general civil independent calendar cases, including construction defect, complex and eminent domain cases are eligible to participant in the program. Limited civil collection cases are not eligible at this time. San Diego Superior Court Local Rule 2.31, Division II addresses this program specifically. Mediation is a non-binding process in which a trained mediator 1) facilitates communication between disputants; and 2) assists parties in reaching a mutually acceptable resolution of all or part of their dispute. In this process, the mediator carefully explores not only the relevant evidence and law, but also the parties' underlying interests, needs and priorities. The mediator is not the decision-maker and will not resolve the dispute – the parties do. Mediation is a flexible, informal and confidential process that is less stressful than a formalized trial. It can also save time and money, allow for greater client participation and allow for more flexibility in creating a resolution.

**Assignment to Mediation, Cost and Timelines:** Parties may stipulate to mediation at any time up to the CMC or may stipulate to mediation at the CMC. Mediator fees and expenses are split equally by the parties, unless otherwise agreed. Mediators on the court's approved panel have agreed to the court's payment schedule for county-referred mediation: $150.00 per hour for each of the first two hours and their individual rate per hour thereafter. Parties may select any mediator, however, the court maintains a panel of court-approved mediators who have satisfied panel requirements and who must adhere to ethical standards. All court-approved mediator fees and other policies are listed in the Mediator Directory at each court location to assist parties with selection. **Discovery:** Parties do not need to conduct full discovery in the case before mediation is considered, utilized or referred. **Attendance at Mediation:** Trial counsel, parties and all persons with full authority to settle the case must personally attend the mediation, unless excused by the court for good cause.

**2) JUDICIAL ARBITRATION:** Judicial Arbitration is a binding or non-binding process where an arbitrator applies the law to the facts of the case and issues an award. The goal of judicial arbitration is to provide parties with an adjudication that is earlier, faster, less formal and less expensive than trial. The arbitrator's award may either become the judgment in the case if all parties accept or if no trial de novo is requested within the required time. Either party may reject the award and request a trial de novo before the assigned judge if the arbitration was non-binding. If a trial de novo is requested, the trial will usually be scheduled within a year of the filing date.

**Assignment to Arbitration, Cost and Timelines:** Parties may stipulate to binding or non-binding judicial arbitration or the judge may order the matter to arbitration at the case management conference, held approximately 150 days after filing, if a case is valued at under $50,000 and is "at issue". The court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience. In addition, if parties select an arbitrator from the court's panel, the court will pay the arbitrator's fees. Superior Court

*Ex 2 p40*

**3) SETTLEMENT CONFERENCES:** The goal of a settlement conference is to assist the parties in their efforts to negotiate a settlement of all or part of the dispute. Parties may, at any time, request a settlement conference before the judge assigned to their case; request another assigned judge or a pro tem to act as settlement officer; or may privately utilize the services of a retired judge. The court may also order a case to a mandatory settlement conference prior to trial before the court's assigned Settlement Conference judge.

**4) OTHER VOLUNTARY ADR:** Parties may voluntarily stipulate to private ADR options outside the court system including private binding arbitration, private early neutral evaluation or private judging at any time by completing the "Stipulation to Alternative Dispute Resolution Process" which is included in this ADR package. Parties may also utilize mediation services offered by programs that are partially funded by the county's Dispute Resolution Programs Act. These services are available at no cost or on a sliding scale based on need. For a list of approved DRPA providers, please contact the County's DRPA program office at (619) 238-2400.

**ADDITIONAL ADR INFORMATION:** For more information about the Civil Mediation Program, please contact the Civil Mediation Department at (619) 515-8908. For more information about the Judicial Arbitration Program, please contact the Arbitration Office at (619) 531-3818. For more information about Settlement Conferences, please contact the Independent Calendar department to which your case is assigned. Please note that staff can only discuss ADR options and cannot give legal advice.

Ex 2
P 41

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | FOR COURT USE ONLY |
|---|---|
| STREET ADDRESS: 330 West Broadway | |
| MAILING ADDRESS: 330 West Broadway | |
| CITY, STATE, & ZIP CODE: San Diego, CA 92101-3827 | |
| BRANCH NAME: Central | |

| PLAINTIFF(S): Sarah leslie |
|---|
| DEFENDANT(S): Standard Insurance Company |
| SHORT TITLE: LESLIE VS. STANDARD INSURANCE COMPANY |

| STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION PROCESS (CRC 3.221) | CASE NUMBER: 37-2008-00078353-CU-IC-CTL |
|---|---|

Judge: Ronald S. Prager    Department: C-71

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute resolution process. Selection of any of these options will not delay any case management time-lines.

☐ Court-Referred Mediation Program    ☐ Court-Ordered Nonbinding Arbitration

☐ Private Neutral Evaluation    ☐ Court-Ordered Binding Arbitration (Stipulated)

☐ Private Mini-Trial    ☐ Private Reference to General Referee

☐ Private Summary Jury Trial    ☐ Private Reference to Judge

☐ Private Settlement Conference with Private Neutral    ☒ Private Binding Arbitration

☐ Other (specify): _____

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: (Name) _____

_____

_____

Alternate: (mediation & arbitration only) _____

Date: _____    Date: _____

_____    _____

Name of Plaintiff    Name of Defendant

_____    _____

Signature    Signature

_____    _____

Name of Plaintiff's Attorney    Name of Defendant's Attorney

_____    _____

Signature    Signature

(Attach another sheet if additional names are necessary). It is the duty of the parties to notify the court of any settlement pursuant to California Rules of Court, 3.1385. Upon notification of the settlement the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court and all un-served, non-appearing or actions by names parties are dismissed.

IT IS SO ORDERED.

Dated: 02/20/2008    _____
    JUDGE OF THE SUPERIOR COURT

SDSC CIV-359 (Rev 01-07)    Page: 1

STIPULATION TO USE OF ALTERNATIVE DISPUTE RESOLUTION

Ex 2
p 42

1  WARREN H. NELSON, JR. #104744
   A PROFESSIONAL CORPORATION
2  6161 El Cajon Boulevard, # 273
   San Diego, CA 92115
3  Telephone:  (619) 269 4212
   Facsimile:  (619) 501 7948
4
   Attorney for Defendant
5  STANDARD INSURANCE COMPANY

6

7

8                    SUPERIOR COURT OF CALIFORNIA

9                       COUNTY OF SAN DIEGO

10

11 SARAH LESLIE,                    )  Case No.: 37-2008-00078353-CU-IC-
                                    )  CTL
12          Plaintiff,             )
                                    )  DEFENDANT STANDARD
13    vs.                           )  INSURANCE COMPANY'S
                                    )  GENERAL DENIAL AND
14                                  )  AFFIRMATIVE DEFENSES
                                    )
15 STANDARD INSURANCE               )
                                    )
16 COMPANY and DOES 1 - 10,        )
                                    )
17                                  )
                                    )
18          Defendant.             )
                                    )
19 _____ )

20

21       Pursuant to Code of Civil Procedure section 431.30(d), defendant

22 STANDARD INSURANCE COMPANY ("Standard") generally denies each and

23 every allegation of plaintiff's unverified complaint and asserts the following

   affirmative defenses:
24
                         FIRST DEFENSE
25
         1.  The complaint and each claim for relief therein fails to state a claim
26
   upon which relief can be based.
27

28

                                                  Ex 3
                                                  P 43

SECOND DEFENSE

2. Plaintiff's recovery is limited by the terms and conditions of the applicable plan, policy or policies, including limitations upon and exclusions to coverage.

THIRD DEFENSE

3. Plaintiff has waived any right to recovery under the terms and conditions of the applicable plan, policy or policies.

FOURTH DEFENSE

4. Plaintiff is estopped from seeking recovery on any Standard plan, policy or policies.

FIFTH DEFENSE

5. Plaintiff's recovery is limited by the proportion of her fault for any of the damages or other relief requested.

SIXTH DEFENSE

6. Plaintiff would receive a windfall and be unjustly enriched by any recovery on any Standard plan, policy or policies.

SEVENTH DEFENSE

7. Plaintiff's recovery is limited by any failure to mitigate damages.

EIGHTH DEFENSE

8. Performance of any duty Standard owes or owed Plaintiff under the plan, policy or policies at issue has been excused by Plaintiff's actions or inactions to the fullest extent permitted by law.

NINTH DEFENSE

9. To the extent that there has been unreasonable delay, plaintiff's complaint is barred by the doctrine of laches.

TENTH DEFENSE

10. To the extent that plaintiff has unclean hands, her complaint is barred.

W H E R E F O R E, Standard respectfully requests that:

Ex 3
p 44

1        1.    Plaintiff take nothing by her Complaint;

2        2.    Plaintiff's Complaint be dismissed with prejudice;

3        3.    Standard recover its costs and attorney fees against Plaintiff to the

4              fullest extent permitted by law; and,

5        4.    The Court grant such other and further relief to Standard as in all the

6              circumstances may be just.

7    Dated: March 20, 2008

8                                          WARREN H. NELSON, JR
9                                          A PROFESSIONAL CORPORATION
                                           6161 El Cajon Boulevard, # 273
                                           San Diego, CA 92115

10
11                                         Attorney for Defendant
                                           STANDARD INSURANCE COMPANY

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Ex 3
P 45

DOCKET No. 37-2008-00078353-CU-IC-CTL

<u>Leslie v. Standard Insurance Company, et al.</u>

PROOF OF SERVICE BY MAIL

I, Warren H. Nelson, Jr., the undersigned, hereby certify and declare under penalty of perjury that I am over the age of 18 years and am not a party to this action. My business address is Warren H. Nelson, Jr., A Professional Corporation, 6161 El Cajon Blvd., # 273, San Diego, CA 92115, telephone (619) 269-4212, facsimile (619) 501-7948. On the 20th day of March 2008, I served a true copy of the foregoing document titled exactly:

DEFENDANT STANDARD INSURANCE COMPANY'S GENERAL DENIAL AND AFFIRMATIVE DEFENSES

By placing it/ in an addressed sealed envelope with correct postage affixed thereto and personally depositing it in the United States mail. I addressed the mailing envelope to the following:

Craig A. Miller, Esq.
Levine, Steinberg, Miller & Huver
550 West "C" Street, Suite 1810
San Diego, CA 92101

I declare under penalty of perjury that the foregoing is true and correct. Executed this 20th day of March 2008 at San Diego, California.

_____
Warren H. Nelson, Jr.

Ex 3
p 46

DOCKET No. UNASSIGNED

<u>Leslie v. Standard Insurance Company, et al.</u>

PROOF OF SERVICE BY MAIL

I, Warren H. Nelson, Jr., the undersigned, hereby certify and declare under penalty of perjury that I am over the age of 18 years and am not a party to this action. My business address is Warren H. Nelson, Jr., A Professional Corporation, 6161 El Cajon Blvd., # 273, San Diego, CA 92115, telephone (619) 269-4212, facsimile (619) 501-7948. On the 20th day of March 2008, I served a true copy of the foregoing document titled exactly:

DEFENDANT STANDARD INSURANCE COMPANY'S NOTICE OF REMOVAL

By placing it/ in an addressed sealed envelope with correct postage affixed thereto and personally depositing it in the United States mail. I addressed the mailing envelope to the following:

Craig A. Miller, Esq.
Levine, Steinberg, Miller & Huver
550 West "C" Street, Suite 1810
San Diego, CA 92101

I declare under penalty of perjury that the foregoing is true and correct. Executed this 20th day of March 2008 at San Diego, California.

Warren H. Nelson, Jr.

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| SARAH LESLIE | STANDARD INSURANCE COMPANY and DOES 1- 10, |

FILED
08 MAR 20 AM 11: 59

**(b)** County of Residence of First Listed Plaintiff    **San Diego**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**08 CV 0520 W JMA**

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Craig Miller, Esq. # 116030, Levine, Steinberg, Miller & Huver, 550 West "C" Street, Suite 1810, San Diego, CA 92101 (619) 231 9449

Attorneys (If Known)
Warren H. Nelson, Jr., # 104744, A Professional Corp., 6161 El Cajon Blvd. # 273, San Diego, CA 92115 (619) 269 4212

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☐ 3  Federal Question (U.S. Government Not a Party)
- ☐ 2  U.S. Government Defendant
- ☒ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☒ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☒ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Diversity--28 U.S.C. sections 1332, 1441(b)
Brief description of cause:
Contract and tort action alleging "bad faith" denial of disability insurance benefits

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ .00
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):   JUDGE _____   DOCKET NUMBER _____

DATE
03/20/2008

SIGNATURE OF ATTORNEY OF RECORD
Wa r. S. Nelson, J.

**FOR OFFICE USE ONLY**

RECEIPT # 148978   AMOUNT $350   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

Qu 3/20/08

DOCKET No. UNASSIGNED

Leslie v. Standard Insurance Company, et al.

PROOF OF SERVICE BY MAIL

I, Warren H. Nelson, Jr., the undersigned, hereby certify and declare under

penalty of perjury that I am over the age of 18 years and am not a party to this action.

My business address is Warren H. Nelson, Jr., A Professional Corporation, 6161 El Cajon

Blvd., # 273, San Diego, CA 92115, telephone (619) 269-4212, facsimile (619) 501-

7948.  On the 20th day of March 2008, I served a true copy of the foregoing document

titled exactly: .

CIVIL COVER SHEET

By placing it/ in an addressed sealed envelope with correct postage affixed thereto and

personally depositing it in the United States mail.  I addressed the mailing envelope to the

following:

Craig A. Miller, Esq.
Levine, Steinberg, Miller & Huver
550 West "C" Street, Suite 1810
San Diego, CA 92101

I declare under penalty of perjury that the foregoing is true and correct.  Executed this

20th day of March 2008 at San Diego, California.

Warren H. Nelson, Jr.

# UNITED STATES
# DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

# # 148978   — SH

# March 20, 2008
# 12:01:58

# Civ Fil Non-Pris

USAO #.: 08CV0520
Judge..: THOMAS J WHELAN
Amount.:                    $350.00 CK
Check#.: BC2476

# Total—>   $350.00

FROM: LESLIE V. STANDARD INS CO