CRAIG A. MILLER # 116030
LEVINE, STEINBERG, MILLER & HUVER
550 West "C" Street, Suite 1810
San Diego, CA 92101
Telephone:  (619) 231 9449
Facsimile:  (619) 231 8638
camiller@levinelaw.com

Attorneys for Plaintiff
SARAH LESLIE

WARREN H. NELSON, JR. #104744
A PROFESSIONAL CORPORATION
6161 El Cajon Boulevard, # 273
San Diego, CA 92115
Telephone:  (619) 269 4212
Facsimile:   (619) 501 7948
nelson@rolando.sdcoxmail.com

Attorney for Defendant
STANDARD INSURANCE COMPANY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| SARAH LESLIE,<br><br>            Plaintiff,<br><br>      vs.<br><br><br>STANDARD INSURANCE<br>COMPANY, a corporation; and DOES<br>1 -10,<br><br><br>            Defendants. | Case No.: 3:08-cv-00520 W JMA<br><br>JOINT RULE 26(f) REPORT |

The parties, plaintiff Sarah Leslie ("Leslie") and defendant Standard Insurance Company ("Standard"), jointly and respectfully submit the following report on their July 14, 2008 Rule 26(f) meeting in this case.

1. <u>The nature and basis of the claims and defenses</u>.  Fed. R. Civ. Proc. Rule 26(f)(2):

The parties provide the following summary, which is not an exhaustive statement of their claims and defenses, but rather a general statement, made at the very outset of this case, of the nature of Leslie's case and the defenses of Standard.

Leslie was a confidential secretary for the California Fish and Game Department.  She made a claim for long-term disability benefits to Standard that Standard denied.  Leslie alleges that, in denying her claim, Standard breached a common law contract, to wit, the policy of insurance Standard issued to her former employer, the State of California.  Standard's position is that it properly denied Leslie's long-term disability benefits claim and thus did not breach the contract. Leslie further asserts that Standard breached the covenant of good faith and fair dealing in the insurance contract and thereby acted in "bad faith."   In particular, Leslie alleges that Standard acted unreasonably in denying her claim, so as to render Standard liable to her for compensatory tort damages.  Further, Leslie alleges that Standard denied her claim with malice, fraud, oppression or in conscious disregard of her rights, so that Standard is liable to her for punitive damages.  Standard denies these allegations and specifically denies that it committed "bad faith" at all or any misconduct, much less that it committed misconduct approaching the level required to support a claim for punitive damages.  Standard asserts that there is a genuine dispute of law and/or fact as to its contractual liability, so that Standard is not liable for unreasonable ("bad faith") claims handling and cannot thereby, as a matter of law, be liable to Leslie for punitive damages.  Leslie disputes this.

2.  <u>Possibilities for promptly settling or resolving the case</u>. Fed. R. Civ. Proc.
   Rule 26(f)(2):

The parties are working on agreement to schedule early depositions in September 2008 at Standard's home office.  These depositions are to be preceded by an inspection of portions of Standard's claims manual, which is to be produced to Leslie pursuant to the terms of a Stipulated Protective Order.  At the conclusion of this process, it is anticipated that the parties will engage in settlement discussions.

3.  <u>Making or arranging for Initial Disclosures under Rule 26(a)</u>. Fed. R. Civ.
   Proc. Rule 26(f)(2):

The parties, at Standard's request, jointly request that the Court change the date for completion of Initial Disclosures from the currently scheduled date of July 28, 2008 to occur on or before August 18, 2008.

4.  <u>Issues with regard to preservation of discoverable information</u>. Fed. R.
   Civ. Proc. Rule 26(f)(2):

None have currently been identified.

5.  <u>Discovery Plan</u>. Fed. R. Civ. Proc. Rule 26(f)(3):

(A)  Changes proposed in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when Initial Disclosures were made or will be made.

No changes are proposed in the timing form or requirement for disclosures under Rule 26(a). The parties jointly request that the court order completion of Initial Disclosures on or before August 18, 2008, instead and in place of the currently scheduled date of July 28, 2008.

(B)  The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues.

The parties jointly note that this case is in its very earliest stages, and additional issues, evidence and witnesses may well be discovered.

Subject to the foregoing, Leslie will, at least, take the depositions of Standard's claims handling personnel, including medical and vocational consultants, and reserves the right to depose other individuals, including expert witnesses, that may be identified in Initial Disclosures or discovery generally.

Subject to the foregoing first sentence of this paragraph, Standard will take, at least, the deposition of Leslie, family members who will support her claim at trial, her employer, her physicians and reserves the right to depose other individuals, including expert witnesses, that may be identified in Initial Disclosures or discovery generally.

Each party will serve sets of interrogatories, requests for production and requests for admission.

Aside from the current plan to proceed with certain initial discovery, the parties do not currently propose that discovery should be undertaken in phases or focused on particular issues, except as the same is provided for by applicable law, rule of procedure or court rule.

(C)  Any issues about disclosure or discovery of electronically stored information, including the form or forms in which is should be produced.

None have currently been identified.

(D)  Any issues about claims of privilege or of protection as trial preparation materials, including--if the parties agree on a procedure to assert these

claim after production–whether to ask the court to include their agreement in an order.

None have currently been identified other than the Stipulated Protective Order referred to above.

(E)    What changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed.

None have currently been identified.

(F)    Any other orders that the court should issue under Rule 26(c) or under Rule 16(b) and (c).

None have currently been identified.

In case the Court wishes to solicit the parties' views on case scheduling generally, the parties include the following discussion:

**Leslie proposes the following case deadline dates**:

Discovery Cut Off:  thirty days prior to the pretrial conference.

Expert and Rebuttal Expert Disclosure (simultaneous):  March 16, 2009 and March 30, 2009.

Pretrial Conference:  May 2009

Trial:  June 2009, anticipated length 8-10 court days.

**Standard proposes the following case deadline dates**:

Discovery Cut Off:  June 29, 2009

Expert and Rebuttal Expert Disclosure:

•    Leslie:  March 16, 2009

- Standard:  April 16, 2009
- Leslie Rebuttal Reports:  May 7, 2009
- Standard Rebuttal Reports:  May 28, 2009

Pretrial Conference:  August 2009

Trial:  September 2009, anticipated length, five court days

Dated:  July 24, 2008

/s/ Warren H. Nelson, Jr.
WARREN H. NELSON, JR.
A PROFESSIONAL CORPORATION
6161 El Cajon Boulevard, # 273
San Diego, CA 92115

Attorney for Defendant
STANDARD INSURANCE COMPANY

Dated:  July 24, 2008

/s/ Craig A. Miller
CRAIG A. MILLER # 116030
LEVINE, STEINBERG, MILLER &
HUVER
550  West "C" Street, Suite 1810
San Diego, CA 92101

Attorneys for Plaintiff
SARAH LESLIE

DOCKET No. 08 CV 0520 W JMA

Leslie v. Standard Insurance Company, et al.

PROOF OF SERVICE BY MAIL

I, Warren H. Nelson, Jr., the undersigned, hereby certify and declare under penalty of perjury that I am over the age of 18 years and am not a party to this action.  My business address is Warren H. Nelson, Jr., A Professional Corporation, 6161 El Cajon Blvd., # 273, San Diego, CA 92115, telephone (619) 269-4212, facsimile (619) 501-7948.  On the 25th day of July 2008, I served a true copy of the foregoing document titled exactly:

JOINT RULE 26(f) REPORT

By placing it/ in an addressed sealed envelope with correct postage affixed thereto and personally depositing it in the United States mail.  I addressed the mailing envelope to the following:

Craig A. Miller, Esq.

Levine, Steinberg, Miller & Huver

550 West "C" Street, Suite 1810

San Diego, CA 92101

I declare under penalty of perjury that the foregoing is true and correct.  Executed this 25th day of July 2008 at San Diego, California.

/s/Warren H. Nelson, Jr.
Warren H. Nelson, Jr.