UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SARAH LESLIE,<br><br>                    Plaintiff,<br><br>          vs.<br><br><br>STANDARD INSURANCE<br>COMPANY and DOES 1 -10,<br><br><br>                    Defendants. | Case No.: 08 CV 0520 W JMA<br><br>PROTECTIVE ORDER RE CLAIMS MANUAL |

WHEREAS, plaintiff SARAH LESLIE ("Plaintiff") has informally requested the production of documents and information relating to the group claims handling procedures and policies of defendant STANDARD INSURANCE COMPANY ("Standard") (Plaintiff and Standard are sometimes hereinafter collectively referred as "the parties");

WHEREAS, such documents or information constitute are or contained in Standard's Group LTD Claims Manual ("Claims Manual"), which is generated by Standard for its own internal use and which contains and constitutes trade secrets, and/or copyrighted material, and confidential, private and proprietary business information;

WHEREAS, Standard will not produce any part of its Claims Manual on the basis that it contains and constitutes trade secrets, copyrighted material, and confidential, private and proprietary business information and that the production of same would violate Standard's rights and privileges; and

WHEREAS, in light of Standard's trade secret, copyright, confidentiality and privacy concerns, Standard and Plaintiff mutually wish to establish procedures which will be fair to each of them regarding the discovery and production of Standard's Claims Manual.

WHEREAS, the parties intend that the language of this Confidentiality and Protective Order shall apply to the following case: <u>Sarah Leslie v. Standard Insurance Company, et al.</u>; Case No. 08 CV 0520 W JMA;

WHEREAS, without waiver of objections to the discoverability of the Claims Manual, it is the parties' intention to provide a mechanism by which discovery of relevant information may be obtained in a manner that protects all parties, including nonparties, and third parties to this litigation, from the risk of disclosure of such confidential information.

THEREFORE, IT IS HEREBY STIPULATED AND AGREED as follows by and between the parties:

1.    The principles of this Confidentiality and Protective Order (the "Order") shall govern the designation and handling of documents, records, or information containing or concerning confidential or proprietary non-public, commercial, financial, trade secret and/or private information produced in this lawsuit, whether produced by Standard, Plaintiff, or by third parties.

2.    Pursuant to this Order, Standard's Group LTD Claims Manual ("Claims Manual"), and/or any documents, records, materials and/or information contained therein, including but not limited to the Index and/or Table of Contents, is designated as "Confidential."

3.    The term "Confidential Information" as used herein shall mean any and all documents, records, materials, and/or information contained and/or set forth in Standard's Claims Manual.

4.     The production of the Claims Manual and Index will be conducted as follows:

(a)     Standard will produce the Table of Contents of the Claims Manual to plaintiff.  The Table of Contents is also considered Confidential and all information within the Table of Contents is Confidential Information and falls within the purview of this Order.

(b)     Plaintiff will then select from the Table of Contents the portions of the Claims Manual that she believes are relevant to this action and that she wishes to be produced.

(c)     To the extent that the parties can agree on what portions of the Claims Manual are relevant to this action, those relevant portions will be produced by Standard, pursuant to the terms and conditions of this Order.

(d)     As to the documents that are not produced due to any dispute between the parties over the relevance of said documents, or for any other ground, the parties will submit such a dispute to the Court for resolution.  Any portion of the Claims Manual, and the contents therein, that is produced following such a dispute, pursuant to Court Order or for any other reason, shall remain Confidential as described within this Order, and remain within the purview of this Order.

5.     Unless otherwise ordered by the Court in this action, the portions of Standard's Claims Manual, and any documents, records, or information contained therein that are produced, will be held by Plaintiff or the receiving party solely for use in connection with this litigation and will be maintained and disclosed only in accordance with this Order.  Experts referred to in paragraph 6(d) who have complied with the requirements of paragraph 7 hereof may review Standard's Claims Manual, and any documents, records, or information contained therein, for purposes of study, analysis, and preparation in connection with the case.

6.    Except with Standard's prior written consent, or upon prior order of this Court obtained upon notice to counsel for all parties, Standard's Claims Manual, and/or any documents, records, materials and/or information contained therein, shall not be disclosed by any party to any person other than:

    (a)    Plaintiff;

    (b)    Plaintiff's counsel in this litigation;

    (c)    employees or independent contractors of Plaintiff's counsel in this litigation;

    (d)    experts, consultants, or advisors employed or utilized by Plaintiff's counsel to assist in this litigation, and/or to testify at trial or any other proceeding in this litigation;

    (e)    the Court and court personnel, including stenographic reporters as necessarily incident to the preparation for trial of this action;

    (f)    noticed or subpoenaed deponents and their counsel;

    (g)    any person identified as having authored or previously reviewed or received Standard's Claims Manual, and any documents, records, or information contained therein; and

    (h)    prospective witnesses and/or other persons who, in the judgment of Plaintiff, require Standard's Claims Manual, and any documents, records, or information contained therein, for the purpose of preparing their testimony in this litigation, preparing for trial in this litigation, or advising and assisting counsel in connection with the processing of this litigation.

Standard's Claims Manual, and/or any documents, materials, records, and/or information contained therein, may be shown to any person listed in subparagraphs (d) and (h) of this paragraph only after such person has been shown a copy of this Order and advised of its terms, and only after such person executes a copy of the

form of certification attached to this Order as Exhibit "A" (the "Certification"). Subject to the provisions of paragraph 7, below, Standard may, however, disclose Standard's Claims Manual, and any documents, materials, records, and/or information contained therein, to any person or entity, with or without any conditions to such disclosure, as Standard deems appropriate.

7.     Plaintiff's counsel shall maintain complete records of every original signed Certification obtained from any person pursuant to paragraph 6.  These Certifications need not be disclosed to the opposing parties absent further order of the Court.

8.     Any person receiving or viewing Standard's Claims Manual, and any documents, records, or information contained therein, shall not reveal the information to, or discuss the contents of the information with, any person who is not entitled to receive such information as set forth herein.

9.     Subject to public policy, and further court order, nothing shall be filed under seal, and the Court shall not be required to take any action, without separate prior order by the Judge before whom the hearing or proceeding will take place, after application by the affected party with appropriate notice to opposing counsel. If the Court grants a party permission to file an item under seal, a duplicate disclosing all nonconfidential information, if any, shall be filed and made part of the public record.  The item may be redacted to eliminate confidential material from the document.  The document shall be titled to show that it corresponds to an item filed under seal, e.g., "Redacted Copy of Sealed Declaration of John Smith in Support of Motion for Summary Judgment."  The sealed and redacted documents shall be filed simultaneously.

10.     In the event that a dispute arises between the parties regarding the procedures set forth in this Order, and/or a party's compliance with such procedure or this Order, the parties shall first attempt to resolve the dispute in good faith on

an informal basis.  If the dispute cannot be resolved, either party may seek appropriate relief from this Court.

11.    All provisions of this Order restricting the communication or use of Confidential Information shall continue to be binding after the conclusion of this action unless subsequently modified by agreement between the parties or further order of the Court.

12.    This Protective Order has no effect upon, and its scope shall not extend to, Standard's use of its Claims Manual, and/or any documents, records, materials and/or information contained therein.

13.    Producing, receiving or reviewing Standard's Claims Manual, and/or any documents, records, materials and/or information contained therein, and/or otherwise complying with the terms of this Protective Order shall not:

(a)    prejudice in any way the rights of either party to object to the production of other documents, records, materials and/or information it considers not subject to discovery or otherwise protected from or limited in discovery on the basis of privilege or otherwise; or

(b)    prejudice in any way the rights of either party to seek a court determination whether such other documents, records, materials and/or information should be produced; or

(c)    prejudice in any way the rights of a party to apply to the Court for any additional protection with respect to the confidentiality of other documents, records, materials and/or information as that party may consider appropriate.

14.    After the final termination of this action, including all appeals, Standard's Claims Manual, and/or any documents, records, materials and/or information contained therein, and all copies made thereof shall, at the option of the parties holding such information, either (a) be returned within sixty (60) days

to Standard, or (b) be destroyed, and a certificate to that effect shall be provided to Standard.    However, any work product (as defined under applicable law), pleadings, deposition transcripts or trial exhibits in this action may be retained by counsel, subject to the terms of this Order.   The Court and any Court personnel shall be excluded from this Condition.

15.    This Order shall govern the production, handling and dissemination of Standard's Claims Manual, and/or any documents, records, materials and/or information contained therein, and all copies made thereof prior to trial.   After the pretrial conference, the parties shall meet and confer regarding the confidentiality of information to be used at trial and documents designated as trial exhibits and, if necessary, agree upon a method for maintaining the confidentiality of such information and documents at trial.

16.    Entry of this Order shall be without prejudice to any application for relief from any restriction contained herein or for any order compelling or further restricting the production, exchange, or use of any document, testimony, interrogatory response, or other information produced, given, or exchanged in the course of pretrial discovery in this action.

17.    This Order does not operate as an agreement by any party to produce any or all documents and/or information demanded or requested by another party. Nothing herein shall be deemed to waive any applicable objection and/or privilege or be construed as an acknowledgment of the applicability of any objection and/or privilege.

18.    All persons bound by this Order are hereby notified that if this Order is in any manner violated, the person or entity who commits such violation shall be subject to such sanctions as the Court, on motion and after a hearing, deems just.

19.    The Court retains jurisdiction to make such amendments,

--

--

modifications, and additions to this Order as it may from time to time deem appropriate. TEXT OF ORDER ENDS HERE

Dated:  August 1, 2008                    WARREN H. NELSON, JR.
                                          A PROFESSIONAL CORPORATION


                                          By: _____ /s/ Warren H. Nelson, Jr. _____
                                          Warren H. Nelson, Jr.
                                          Attorney for Defendant
                                          STANDARD INSURANCE
                                          COMPANY

Dated:  August 1, 2008                    LEVINE, STEINBERG, MILLER &
                                          HUVER


                                          By: _____ /s/ Craig A. Miller _____
                                          Craig A. Miller
                                          Attorneys for Plaintiff
                                          SARAH LESLIE


                              **ORDER**

        Based upon the above Stipulation, and good cause appearing,

        IT IS SO ORDERED.

DATE:  <u>August 4, 2008</u>            _____
                                          HON. JAN M. ADLER,
                                          MAGISTRATE JUDGE,
                                          UNITED STATES DISTRICT COURT

# EXHIBIT "A"

I, _____, hereby state and declare that I have read and understand the attached Confidentiality and Protective Order of the United States District Court for the Southern District of California in the matter of <u>Sarah Leslie v. Standard Insurance Company, et al.</u>, Case No. 08 CV 0520 W JMA, and hereby agree to fully comply with the terms and conditions thereof. I further consent to the jurisdiction, over me, of the United States District Court for the Southern District of California for any purpose related in any way to enforcement of the Protective Order.

    Executed this ____ day of _____, 20__, at _____, _____.
[City]

                By _____

                [Name] _____

DOCKET No. 08 CV 0520 W JMA

<u>Leslie v. Standard Insurance Company, et al.</u>

PROOF OF SERVICE BY MAIL

I, Warren H. Nelson, Jr., the undersigned, hereby certify and declare under penalty of perjury that I am over the age of 18 years and am not a party to this action.  My business address is Warren H. Nelson, Jr., A Professional Corporation, 6161 El Cajon Blvd., # 273, San Diego, CA 92115, telephone (619) 269-4212, facsimile (619) 501-7948.  On the 1st day of August 2008, I served a true copy of the foregoing document titled exactly:

PROTECTIVE ORDER RE CLAIMS MANUAL

By placing it/ in an addressed sealed envelope with correct postage affixed thereto and personally depositing it in the United States mail.  I addressed the mailing envelope to the following:

Craig A. Miller, Esq.

Levine, Steinberg, Miller & Huver

550 West "C" Street, Suite 1810

San Diego, CA 92101

I declare under penalty of perjury that the foregoing is true and correct.  Executed this 1st day of August 2008 at San Diego, California.

<u>/s/Warren H. Nelson. Jr.</u>
Warren H. Nelson, Jr.