UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SARAH LESLIE, | ) Case No. 08-CV-0520-W (JMA) |
| | ) |
| Plaintiff, | ) **CASE MANAGEMENT CONFERENCE** |
| | ) **ORDER REGULATING DISCOVERY AND** |
| | ) **OTHER PRETRIAL PROCEEDINGS** |
| v. | ) |
| | ) (Fed. R. Civ. P. 16) |
| STANDARD INSURANCE CO., et al., | ) (Local Rule 16.1) |
| | ) (Fed. R. Civ. P. 26) |
| Defendants. | ) |
| | ) |
| | ) |

     Pursuant to Rule 16 of the Federal Rules of Civil Procedure, a telephonic Case Management Conference was held on August 4, 2008 at 2:30 p.m.  After consulting with the attorneys of record for the parties and being advised of the status of the case, and good cause appearing,

     **IT IS HEREBY ORDERED:**

     1.   All parties shall fully comply with the Initial Disclosure requirements of Rule 26(a)(1) by **August 18, 2008**.

     2.   Any motion to join other parties, to amend the pleadings, or to file additional pleadings shall be filed on or before **September 29, 2008**.

1        3.    A telephonic Case Management Conference shall be held
2   before Magistrate Judge Adler on **October 16, 2008** at **9:30 a.m.**
3   Counsel for each party shall appear telephonically at this
4   conference.   The Court will initiate the conference call.

5        4.    Plaintiff's expert disclosures required by Fed. R. Civ.
6   P. 26(a)(2) shall be served on all parties on or before **January**
7   **23, 2009**.   Defendant's expert disclosures required by Fed. R.
8   Civ. P. 26(a)(2) shall be served on all parties on or before
9   **February 13, 2009**.   Any contradictory or rebuttal information
10  shall be disclosed by both parties on or before **March 6, 2009.**
11  In addition, Fed. R. Civ. P. 26(e)(1) imposes a duty on the
12  parties to supplement the expert disclosures made pursuant to
13  Fed. R. Civ. P. 26(a)(2)(B) by the time that pretrial disclosures
14  are due under Fed. R. Civ. P. 26(a)(3) (discussed below).   This
15  disclosure requirement applies to all persons retained or
16  specially employed to provide expert testimony, <u>or</u> whose duties
17  as an employee of the party regularly involve the giving of
18  expert testimony.

19       **Please be advised that failure to comply with this section**
20  **or any other discovery order of the Court may result in the**
21  **sanctions provided for in Fed. R. Civ. P. 37, including a**
22  **prohibition on the introduction of experts or other designated**
23  **matters in evidence.**

24       5.    All discovery shall be completed by all parties on or
25  before **April 3, 2009**.   "Completed" means that all discovery under
26  Rules 30 through 36 of the Federal Rules of Civil Procedure must
27  be initiated a sufficient period of time in advance of the cutoff
28  date, so that it may be <u>completed</u> by the cutoff date, taking into

08cv0520

1  account the times for service, notice, and response as set forth

2  in the Federal Rules of Civil Procedure.  **All disputes concerning**

3  **discovery shall be brought to the attention of Magistrate Judge**

4  **Adler no later than thirty (30) days following the date upon**

5  **which the event giving rise to the dispute occurred.  For oral**

6  **discovery, the event giving rise to the discovery dispute is the**

7  **completion of the transcript of the affected portion of the**

8  **deposition.  For written discovery, the event giving rise to the**

9  **discovery dispute is the service of the response.  Counsel are**

10 **required to meet and confer prior to contacting the Court**

11 **regarding all discovery disputes pursuant to the requirements of**

12 **Local Rules 16.5(k) and 26.1(a).**

13      6.    All motions, other than motions to amend or join

14 parties, or motions in limine, shall be <u>filed</u> on or before **May 4,**

15 **2009**.[1]  Motions will not be heard or calendared unless counsel

16 for the moving party has obtained a motion hearing date from the

17 law clerk of the judge who will hear the motion.  **Be advised that**

18 **the period of time between the date you request a motion date and**

19 **the hearing date may be up to sixty (60) days.  Please plan**

20 **accordingly.**  Failure of counsel to timely request a motion date

21 may result in the motion not being heard.

22      Briefs or memoranda in support of or in opposition to any

23 pending motion shall not exceed twenty-five (25) pages in length

24 without leave of the judge who will hear the motion.  No reply

25 memorandum shall exceed ten (10) pages without such leave of

26 

27      [1]Counsel should note that while historically motion cutoff
   deadlines issued by this Court were deadlines for motion hearings, the
28 motion cutoff dates now being issued establish deadlines for the
   parties to <u>file</u> motions.

1  court.

2      7.    Pursuant to Local Rule 7.1(f)(3)(c), **if an opposing**

3  **party fails to file opposition papers in the time and manner**

4  **required by Local Rule 7.1(e)(2), that failure may constitute a**

5  **consent to the granting of a motion or other request for ruling**

6  **by the Court**.  Accordingly, all parties are ordered to abide by

7  the terms of Local Rule 7.1(e)(2) or otherwise face the prospect

8  of any pretrial motion being granted as an unopposed motion

9  pursuant to Local Rule 7.1(f)(3)(c).

10      8.    Should either party choose to file or oppose a motion

11  for summary judgment or partial summary judgment, no Separate

12  Statement of Disputed or Undisputed Facts is required.

13      9.    A Mandatory Settlement Conference shall be conducted on

14  **July 28, 2009** at **10:00 a.m.** in the chambers of Magistrate Judge

15  Adler.  Counsel shall submit settlement statements **directly** to

16  Magistrate Judge Adler's chambers no later than **July 21, 2009**.[2]

17  The parties may either submit confidential settlement statements

18  or may exchange their settlement statements.  Each party's

19  settlement statement shall set forth the party's statement of the

20  case, identify controlling legal issues, concisely set out issues

21  of liability and damages, and shall set forth the party's

22  settlement position, including the last offer or demand made by

23  that party, and a separate statement of the offer or demand the

24  party is prepared to make at the settlement conference.  **The**

25  **settlement conference briefs shall not be filed with the Clerk of**

26  **the Court.**

27

28      [2]Statements may be delivered directly to chambers, e-mailed to
efile_adler@casd.uscourts.gov, or faxed to (619) 702-9939.

1    **All named parties, all counsel, and any other person(s)**

2    **whose authority is required to negotiate and enter into**

3    **settlement shall appear <u>in person at the conference</u>.  The**

4    **individual(s) present at the Mandatory Settlement Conference with**

5    **settlement authority must have the unfettered discretion and**

6    **authority on behalf of the party to:  1) fully explore all**

7    **settlement options and to agree during the Mandatory Settlement**

8    **Conference to any settlement terms acceptable to the party (*G.***

9    ***Heileman Brewing Co., Inc. v. Joseph Oat Corp.*, 871 F.2d 648, 653**

10   **(7th Cir. 1989)), 2) change the settlement position of a party**

11   **during the course of the Mandatory Settlement Conference (*Pitman***

12   ***v. Brinker Int'l, Inc.*, 216 F.R.D. 481, 485-86 (D. Ariz. 2003)),**

13   **and 3) negotiate a settlement without being restricted by any**

14   **predetermined level of authority (*Nick v. Morgan's Foods, Inc.*,**

15   **270 F.3d 590, 596 (8th Cir. 2001)).**

16   Governmental entities may appear through litigation counsel

17   only.  As to all other parties, appearance by litigation counsel

18   only is <u>not</u> acceptable.  Retained outside corporate counsel <u>shall</u>

19   <u>not</u> appear on behalf of a corporation as the party who has the

20   authority to negotiate and enter into a settlement.  **The failure**

21   **of any counsel, party or authorized person to appear at the**

22   **Mandatory Settlement Conference as required will result in the**

23   **immediate imposition of sanctions.**  All conference discussions

24   will be informal, off the record, privileged, and confidential.

25       10.   The parties must comply with the pretrial disclosure

26   requirements of Fed. R. Civ. P. 26(a)(3) no later than **August 10,**

27   **2009**.

28   //

1    11.   Despite the requirements of Local Rule 16.1(f), neither

2  party is required to file Memoranda of Contentions of Fact and

3  Law at any time.  The parties shall instead focus their efforts

4  on complying with their pretrial disclosure requirements under

5  Fed. R. Civ. P. 26(a)(3) and drafting and submitting a proposed

6  pretrial order by the time and date specified in Local Rule

7  16.1(f)(6).

8    12.   Counsel shall confer and take the action required by

9  Local Rule 16.1(f)(4) on or before **August 17, 2009**.

10    13.   The Proposed Final Pretrial Conference Order, including

11  written objections, if any, to any party's Fed. R. Civ. P.

12  26(a)(3) pretrial disclosures, shall be prepared, served, and

13  submitted to the Clerk's Office on or before **August 24, 2009** and

14  shall be in the form prescribed in Local Rule 16.1(f)(6).  Any

15  objections shall comply with the requirements of Fed. R. Civ. P.

16  26(a)(3).  **Please be advised that the failure to file written**

17  **objections to a party's pretrial disclosures may result in the**

18  **waiver of such objections, with the exception of those made**

19  **pursuant to Rules 402 (relevance) and 403 (prejudice, confusion**

20  **or waste of time) of the Federal Rules of Evidence.**

21    14.   In addition to submitting the proposed final pretrial

22  conference order, the parties are further ordered to separately

23  submit informal letter briefs, not exceeding two single spaced

24  pages, served on opposing counsel and received in the chambers of

25  the Honorable Thomas J. Whelan, United States District Court

26  Judge (and not filed with the Clerk's Office) no later than

27  **August 24, 2009**.

28  //

08cv0520

1    The letter brief should be a relatively informal and

2 straightforward document.  The letter brief should outline a

3 short, concise and objective factual summary of the party's case

4 in chief, the number of hours/days each party intends to expend

5 at trial, the approximate number of witnesses, whether certain

6 witnesses will be coming in from out of town, the number of

7 testifying expert witnesses, whether any unique demonstrative

8 exhibits may be presented, the number of proposed motions in

9 limine that may be filed, precisely when the parties would be

10 prepared to submit their in limine papers (and whether the

11 parties have met and conferred with respect to in limine issues),

12 the issue of proposed jury instructions and when the parties

13 intend to submit them before trial, and voir dire issues, either

14 party's preference as to what date(s) the trial should begin and

15 any other pertinent information that wither party may deem useful

16 to assist the Court in the execution of the pretrial conference

17 and in setting the matter for trial.

18    15.   The final Pretrial Conference is scheduled on the

19 calendar of the Honorable Thomas J. Whelan on **August 31, 2009** at

20 **10:30 a.m.**  The trial date will be assigned by Judge Whelan at

21 the pretrial conference.

22    16.   The dates and times set forth herein will not be

23 modified except for good cause shown.

24    17. Plaintiff's counsel shall serve a copy of this order on

25 all parties that enter this case hereafter.

26    **IT IS SO ORDERED.**

27 DATED:  August 4, 2008

28
                                        Jan M. Adler
                                        U.S. Magistrate Judge

08cv0520